## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02105-WJM-MEH

CHRISTOPHER KAIN, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

AMPIO PHARMACEUTICALS, INC.,
MICHAEL A. MARTINO,
MICHAEL MACALUSO, and
HOLLI CHEREVKA,

        Defendants.

---

## MOTION OF LYNN HEDEMAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

---

Plaintiff Lynn Hedeman ("Hedeman") hereby moves this Court, under Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.* for an order (a) appointing Hedeman as Lead Plaintiff; (b) approving Hedeman's selection of Glancy Prongay & Murray LLP as Lead Counsel for the putative class; and (c) granting such other relief as the Court may deem to be just and proper.[1]

## I.    FACTUAL BACKGROUND

This is a federal securities class action brought on behalf of all persons that purchased or otherwise acquired Ampio Pharmaceuticals, Inc. ("Ampio" or the "Company") common stock between December 29, 2020 and August 3, 2022, inclusive (the "Class Period").

Ampio is a biopharmaceutical company purportedly focused on the research, development, and advancement of immunomodulatory therapies for the treatment of pain from osteoarthritis. The Company's lead product candidate, Ampion, purportedly has unique immunomodulatory action and anti-inflammatory effects, which may provide a treatment for individuals with inflammatory conditions including, but not limited to, OAK, osteoarthritis related to other joints (*i.e.*, hip, shoulder, ankle and hand), and the widespread inflammation associated with COVID-19 infection commonly referred to as "Long-COVID."

From 2010 through approximately March 2022, Ampio conducted numerous clinical trials and analyses to determine Ampion's efficacy. Ampio confidently advertised that Ampion

---

[1] The PSLRA provides that within 60 days after publication of the required notice of the action, any member of the proposed class may move to be appointed as lead plaintiff. Consequently, at this time, Hedeman's counsel have no way of knowing which class members, if any, will file competing lead plaintiff motions. As a result, Hedeman's counsel has been unable to conference with opposing counsel as prescribed by D.C.COLO.LCivR 7.1(a), and respectfully request that the conference requirement of D.C.COLO.LCivR 7.1(a), be waived for this motion.

demonstrated a statistically significant decrease in pain associated in symptomatic moderate-severe OAK on numerous occasions. However, the Company failed to bring Ampion to market.

On May 16, 2022, the Company announced that it had formed a special committee of the Ampio Board of Directors (the "Board") to conduct internal investigations focusing specifically on the statistical analysis of Ampio's AP-013 clinical trial and unauthorized provision of Ampion which had not yet been approved by the U.S. Food and Drug Administration ("FDA").

Then, in premarket hours on August 3, 2022, Ampio issued a press release containing a letter to stockholders disclosing that the individual Defendants "and senior staff were aware, at the time of the per-protocol interim analysis in March 2020, that the AP-013 trial did not demonstrate efficacy for Ampion on its co-primary endpoints of pain and function; and that these persons did not fully report the results of the AP-013 trial and the timing of unblinding of data from the AP-013 trial." On this news, the Company's share price dropped $0.06, or 35.38%, from the previous day's close, on greater than usual trading volume.

As a result of Defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities, Hedeman and other class members have suffered significant losses and damages.

## II.    ARGUMENT

### A.    Hedeman Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court

decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice. . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Hedeman satisfies the relevant criteria and, thus, is entitled to the presumption that he is the "most adequate plaintiff." Hedeman's motion is timely and he has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Hedeman is not aware of any unique defenses the Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Hedeman respectfully submit that he should be appointed lead plaintiff.

3

### 1.    Hedeman's Motion Is Timely

Hedeman has made a timely motion in response to the PSLRA early notice. On August 17, 2022, notice was published in connection with this action pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* Exhibit A (PSLRA Notice), attached hereto. Therefore, Hedeman had sixty days (until October 17, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Ampio securities during the Class Period, Hedeman is a members of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2.    Hedeman Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Hedeman purchased Ampio common stock traceable to the IPO registration statement and during the Class Period and, as a result, suffered significant financial harm of approximately $713,231.68. *See* Exhibit B (Certification); Exhibit C (Financial Interest Analysis). Hedeman is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Hedeman believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Subramanian v. Watford,* No. 20-cv-02652, 2021 WL 1697147, at *2 (D. Colo. Apr. 29, 2021).

**3.    Hedeman Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007); *Delashmet v. Custom Designed Compressor Sys., Inc.*, 2006 WL 2016080, at *5 (D.N.M. March 9, 2006). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000).

**a)    Hedeman's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Ribozyme* 192 F.R.D at 658. Rule 23 does not require the lead plaintiff to be identically situated with all class members. It is enough that the

5

lead plaintiff's situation shares a common issue of law or fact. *In re Intelcom Grp., Inc. Sec. Litig.*, 169 F.R.D. 142, 148 (D. Colo. 1996).

Here, Hedeman's claims are typical of the claims asserted by the proposed class. Hedeman, like all members of the class, alleges that the Defendants violated the federal securities laws by disseminating false and misleading statements during the Class Period concerning Ampio's business, operations, and prospects. Hedeman, like all of the members of the class, purchased Ampio common stock and was damaged thereby. Consequently, Hedeman's interests are closely aligned with the other class members' and Hedeman's interests are therefore typical of the class. *Ribozyme*, 192 F.R.D. at 658-59.

### b)    Hedeman Is an Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The standard for adequacy of representation under [Rule 23] is met by: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.

*Ribozyme*, 192 F.R.D. at 659. Hedeman has demonstrated his adequacy to serve as lead plaintiff by retaining experienced counsel, submitting a sworn PSLRA Certification attesting to his willingness to serve as lead plaintiff; filing this motion. *See* Exhibit B (Certification); *see also Ribozyme*, 192 F.R.D. at 658. Hedeman is a retired neurosurgeon and has an MD degree from the University of Michigan Medical School. He has been managing his own stock portfolio for more than 30 years. In addition, Hedeman's interests are aligned with the class, and no antagonism

exists between Hedeman's claims and those of the other members of the class. *See Intelcom,* 169 F.R.D. at 149 (citation omitted). As such, Hedeman is adequate to represent the class.

Accordingly, Hedeman is the presumptive "most adequate plaintiff" and should be appointed as lead plaintiff for the class.

**B.      The Court Should Approve Hedeman's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In this case, Hedeman has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf, and will retain the firm as lead counsel in the event Hedeman is appointed lead plaintiff. Glancy Prongay & Murray LLP possess extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé. *See* Exhibit D. Thus, the Court may be assured that, by granting Hedeman's motion, the class will receive the highest caliber of legal representation.

**III.    CONCLUSION**

For the foregoing reasons, Hedeman respectfully request that the Court grant his motion and enter an Order (a) appointing Hedeman as Lead Plaintiff; (b) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel; and (c) granting such other relief as the Court may deem just and proper.

DATED: October 17, 2022                     **GLANCY PRONGAY & MURRAY LLP**

                                            *s/ Robert V. Prongay*
                                            Robert V. Prongay
                                            Charles H. Linehan
                                            Pavithra Rajesh
                                            1925 Century Park East, Suite 2100
                                            Los Angeles, CA 90067
                                            Telephone: (310) 201-9150
                                            Facsimile: (310) 201-9160
                                            Email: rprongay@glancylaw.com

                                            *Counsel for Lynn Hedeman and Proposed Lead
                                            Counsel for the Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and accompanying Proposed Order were filed with this Court on October 17, 2022 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Robert V. Prongay*
Robert V. Prongay

9