**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 22-cv-02105-WJM-MEH**

CHRISTOPHER KAIN, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

AMPIO PHARMACEUTICALS, INC.,
MICHAEL A. MARTINO, MICHAEL
MACALUSO, and HOLLI CHEREVKA,

Defendants.

---

**NOTICE OF MOTION AND MOTION OF PUNIT KOHLI
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

---

**TABLE OF CONTENTS**

Page(s)

NOTICE OF MOTION AND MOTION ......................................................................................1

CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a) ......................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................2

    PRELIMINARY STATEMENT .........................................................................................2

    STATEMENT OF FACTS .................................................................................................3

ARGUMENT.............................................................................................................................4

    KOHLI SHOULD BE APPOINTED LEAD PLAINTIFF...................................................4

        1.     Kohli Is Willing to Serve as Class Representative .....................................5

        2.     Kohli Has the "Largest Financial Interest".................................................6

        3.     Kohli Otherwise Satisfies the Requirements of Rule 23 of the Federal
              Rules of Civil Procedure..............................................................................7

        4.     Kohli Will Fairly and Adequately Represent the Interests of the Class and
              Is Not Subject to Unique Defenses .............................................................10

    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..........10

CONCLUSION..........................................................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adamson v. Bowen*,
855 F.2d 668 (10th Cir. 1988) .........................................................................................8

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994).................................................................................................8

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006)..............................................................................................8

*Darwin v. Taylor*,
No. 12-CV-01038-CMA-CBS, 2012 WL 5250400 (D. Colo. Oct. 23, 2012)..........................6

*Friedman v. Quest Energy Ptnrs. LP*,
261 F.R.D. 607 (W.D. Okla. 2009).....................................................................................6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)............................................................................................10

*In re Molson Coors Brewing Co. Sec. Litig.*,
No. 19-CV-00455-DME-MEH, 2019 WL 10301639 (D. Colo. Oct. 3, 2019)..........................6

*In re NPS Pharm., Inc. Sec. Litig.*,
No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948 (D. Utah Nov. 17, 2006) ...................7, 8

*In re Ribozyme Pharm. Sec. Litig.*,
192 F.R.D. 656 (D. Colo. 2000) .......................................................................................9

*Lane v. Page*,
250 F.R.D. 634 (D.N.M. 2007).....................................................................................8, 10

*Lax v. First Merchants Acceptance Corp.*
1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .......................................................................6

*Mariconda v. Farmland Partners Inc.*,
No. 18-CV-02104-DME-NYW, 2018 WL 6307868 (D. Colo. Dec. 3, 2018) .........................6

*Meyer v. Paradigm Med. Indus.*,
225 F.R.D. 678 (D. Utah 2004) .....................................................................................8, 9

ii

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................ *passim*

## NOTICE OF MOTION AND MOTION

**TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that Punit Kohli ("Kohli"), by and through his counsel, will and does hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u–4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Kohli as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Ampio Pharmaceuticals, Inc. ("Ampio" or the "Company") common stock between December 29, 2020 and August 3, 2022, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.  This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of J. Alexander Hood II ("Hood Decl."), and all exhibits thereto.

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Kohli state that they were not able to confer with counsel for the opposing movants prior to filing the instant motion.  The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within 60 days of the publication of the notice of pendency of the action.  *See* 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).  No such motions were filed meaningfully in advance of Kohli's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### PRELIMINARY STATEMENT

The complaint in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  *See* Class Action Compl. for Viols. Fed. **Secs**. Laws ¶ 1, ECF No. 1.  Ampio investors, including Kohli, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Ampio securities to fall sharply, damaging Kohli and other Ampio investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).   During the Class Period, Kohli purchased 1,501,460 shares of Ampio securities, expended $400,350 on his purchases, retained all of his shares of Ampio securities, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $282,589 in connection with his purchases of Ampio securities.  *See* Hood Decl., Exhibit ("Ex.") A.  Accordingly, Kohli believes that he has the largest financial interest in the relief sought in the Action.

Beyond his considerable financial interest, Kohli also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Kohli has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf

of investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Action.

Accordingly, Kohli respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the complaint in the Action, Ampio claims to have developed Ampion®, its lead product with "unique immunomodulatory action and anti-inflammatory effects" used to treat individuals with **inflammatory** conditions including, but not limited to, severe osteoarthritis of the knee ("OAK").  Class Action Compl. for Viols. Fed. Secs. Laws ¶ 3, ECF No. 1.  The Company further asserts that "Ampion is currently in development as an intra-articular injection treatment for severe OAK, an intravenous and inhaled treatment for hospitalized severe and/or critical COVID-19 patients, and an at-home inhalation treatment for patients with prolonged respiratory symptoms due to COVID-19, commonly referred to as "LongCOVID." *Id.*

Beginning in 2010 and lasting through approximately March 2022, Ampio conducted numerous clinical trials and analyses to determine Ampion's efficacy.  *Id.* ¶ 4.  Despite confidently advertising on numerous occasions that Ampion demonstrated a statistically significant decrease in pain associated in symptomatic moderate-severe OAK, the Company failed to bring Ampion to market.  *Id.*

After months of delay and analyst speculation of the effectiveness of Ampion, on May 16, 2022, the Company announced that it had formed a special committee of the Ampio Board

3

of Directors was conducting internal investigations focusing specifically on the statistical analysis of Ampio's AP-013 clinical trial and unauthorized provision of Ampion which had not yet been approved by the U.S. Food and Drug Administration. *Id.* ¶ 5.

Then, in premarket hours on August 3, 2022, Ampio issued a press release containing a letter to stockholders revealing that the Individual Defendants "and senior staff were aware, at the time of the per-protocol interim analysis in March 2020, that the AP-013 trial did not demonstrate efficacy for Ampion on its co-primary endpoints of pain and function; and that these persons did not fully report the results of the AP-013 trial and the timing of unblinding of data from the AP-013 trial." *Id.* ¶ 6. On this news, the Company's share price dropped $0.06, or 35.38%, from the previous day's close, on greater than usual trading volume. *Id.*

Due to defendants' wrongful acts and omissions, and the precipitous declines in the market value of the Company's shares alleged herein, the plaintiff in the Action and other Class members have suffered significant losses and damages. *Id.* ¶ 7.

## ARGUMENT

### KOHLI SHOULD BE APPOINTED LEAD PLAINTIFF

Kohli should be appointed Lead Plaintiff because he has the largest financial interest in the Action to his knowledge and otherwise meets the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u–4(a)(3)(B)(i)-(ii).

4

Further, under 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

As set forth below, Kohli satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.     Kohli Is Willing to Serve as Class Representative

On August 17, 2022, counsel for the plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Ampio and certain of its officers, and advised investors in Ampio securities that they had until October 17, 2022—*i.e.*, 60 days from the date of the PSLRA Notice's publication—to file a motion to be appointed as Lead Plaintiff.  *See* Hood Decl., Ex. B.

Kohli has filed the instant motion pursuant to the PSLRA Notice and has submitted a signed Certification attesting that he is willing to serve as a representative for the Class, and to

provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Kohli

satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Kohli Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . .

is the person or group of persons that . . . has the largest financial interest in the relief sought by

the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Kohli has the largest

financial interest of any Ampio investor or investor group seeking to serve as Lead Plaintiff.  For

claims arising under federal securities laws, courts frequently assess financial interest based upon

the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the

number of shares purchased during the class period; (2) the number of net shares purchased

during the class period; (3) the total net funds expended during the class period; and (4) the

approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997);

*see, e.g.*, *In re Molson Coors Brewing Co. Sec. Litig.*, No. 19-CV-00455-DME-MEH, 2019 WL

10301639, at *2 (D. Colo. Oct. 3, 2019) (determining largest financial interest under the PSLRA

with reference to the four-factor *Lax* test); *Mariconda v. Farmland Partners Inc.*, No. 18-CV-

02104-DME-NYW, 2018 WL 6307868, at *3 (D. Colo. Dec. 3, 2018) ("[T]here appears to be a

clear weight of authority favoring the four-factor *Lax* test[.]").  The most critical among the *Lax*

Factors is the approximate loss suffered.  *See, e.g.*, *Darwin v. Taylor*, No. 12-CV-01038-CMA-

CBS, 2012 WL 5250400, at *2 (D. Colo. Oct. 23, 2012) ("[C]ourts routinely look to the

movant's financial loss as the most significant factor in assessing his financial interest in the

action."); *Friedman v. Quest Energy Ptnrs. LP*, 261 F.R.D. 607, 614 (W.D. Okla. 2009)

(equating financial interest with economic loss); *In re NPS Pharm., Inc. Sec. Litig.*, No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948, at *1-*2 (D. Utah Nov. 17, 2006) (same).

During the Class Period, Kohli: (1) purchased 1,501,460 shares of Ampio securities; (2) expended $400,350 on his purchases of Ampio securities; (3) retained all of his shares of Ampio securities; and (4) as a result of the disclosures of the fraud, suffered a loss of approximately $282,589 in connection with his Class Period purchases of Ampio securities. *See* Hood Decl., Ex. A. To the extent that Kohli possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Kohli Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.

7

*See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007).  Moreover, "only subsection (3) ('typicality') and subsection (4) ('adequacy') are relevant to the consideration of motions for appointment as lead plaintiff."  *NPS*, 2006 WL 6627948, at \*2 (citing *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004) ("For the purposes of a motion for appointment of lead plaintiff under Rule 23, it is proper to limit a court's inquiry into the final two prongs of Rule 23(a), typicality and adequacy.")).

The typicality requirement of Rule 23(a)(3) is satisfied when "the 'injury and the conduct are sufficiently similar.'"  *Meyer*, 225 F.R.D. at 680 (quoting *Adamson v. Bowen*, 855 F.2d 668, 767 (10th Cir. 1988)).  In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class."  *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994)).  In addition, "a difference in the factual situations of class members *per se*, does not defeat typicality under Rule 23(a)(3) . . . as long as the claims of class representatives and other class members are based on the same legal or remedial theory."  *Meyer*, 225 F.R.D. at 680.

Kohli's claims are typical of those of the Class.  Kohli alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Ampio, or by omitting to state material facts necessary to make the statements they did make not misleading.  Kohli, as did all Class members, purchased Ampio securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Ampio's share price

8

downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied "by fulfilling two requirements. First, there must be an absence of potential conflict between the named plaintiffs and other class members. Second, the counsel chosen by the representative party must be 'qualified, experienced and able to vigorously conduct the proposed litigation.'" *Meyer*, 225 F.R.D. at 681 (quoting *In re Ribozyme Pharm. Sec. Litig.*, 192 F.R.D. 656, 659 (D. Colo. 2000)).

Kohli is an adequate representative for the Class. There is no antagonism between the interests of Kohli and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, Kohli has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v). In addition to Pomerantz, Kohli is also represented by the Schall Law Firm in this litigation.

Further demonstrating his adequacy, Kohli has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Hood Decl., Ex. D.

###### 4.    Kohli Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Kohli as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

Kohli's ability and desire to fairly and adequately represent the Class has been discussed above.  Kohli is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Kohli should be appointed Lead Plaintiff for the Class.

### LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(v); *Lane*, 250 F.R.D. at 647 ("[T]he PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001))).  The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class."    15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa).

Here, Kohli has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted

10

numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Hood Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the U.S. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Kohli's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Kohli's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

11

## CONCLUSION

For the foregoing reasons, Kohli respectfully requests that the Court issue an Order: (1) appointing Kohli as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  October 17, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Counsel for Punit Kohli and Proposed Lead Counsel for the Class*

THE SCHALL FIRM
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com

*Additional Counsel for Punit Kohli*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2022, a true and correct copy of the foregoing **NOTICE OF MOTION AND MOTION OF PUNIT KOHLI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** was e-filed with the Clerk of Court via the CM/ECF System which will send notification of such filing to all counsel of record.

13