# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02105-WJM-MEH

CHRISTOPHER KAIN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

    v.

AMPIO PHARMACEUTICALS, INC.,
MICHAEL A. MARTINO,
MICHAEL MACALUSO, and
HOLLI CHEREVKA,

      Defendants.

---

**LYNN HEDEMAN'S OPPOSITION TO THE MOTION OF TAO WANG AND SYNWORLD TECHNOLOGIES CORPORATION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL**

---

Plaintiff Lynn Hedeman ("Hedeman") hereby submits this opposition to the Motion of Tao Wang ("Wang") and SynWorld Technologies Corporation ("SynWorld") (together, "Wang/SynWorld") for Appointment as Lead Plaintiffs and Approval of Lead Plaintiffs' Selection of Lead Counsel (Dkt. No. 23) on the basis that Wang/SynWorld have failed to disclose whether they have a business relationship with Ampio Pharmaceuticals, Inc. ("Ampio").

## I. ARGUMENT

Hedeman and Wang/SynWorld are the only movants still seeking appointment as lead plaintiff. Four other individuals originally moved for appointment as lead plaintiff and approval of their selection of counsel. *See* Dkt. Nos. 16, 18, 20, 22. However, all four either withdrew their motions or filed notices informing the Court that they do not oppose the competing motions. *See* Dkt. Nos. 26, 27, 28, 29.

The PSLRA provides a presumption that the "most adequate plaintiff" to be appointed as lead plaintiff is the movant that (1) has the largest financial interest in the action and (2) has made a preliminary showing of typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption is rebutted if the movant is shown to be inadequate, or subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). While Wang/SynWorld claim a larger financial interest than Hedeman,[1] it appears that Wang/SynWorld may be subject to disqualifying unique defenses because they have failed to disclose any business relationship with Ampio.

Wang discloses little more than his management interest in SynWorld, and Hedeman has reason to believe that SynWorld may have an undisclosed business relationship with Ampio, which

---

[1] *See* Dkt. No. 19-3 (Hedeman's Financial Interest Analysis, alleging a loss of $713,231); Dkt. No. 23 at 15 (Wang/SynWorld's memorandum in support of their lead plaintiff motion, alleging a collective loss of $3,455,790).

would subject them to unique defenses. Wang claims to be "the CEO of [his] own business, SynWorld Technologies Corporation," which he has managed "for approximately three years." *See* Dkt. No. 25-3 ¶ 6. Wang fails to provide anything further about SynWorld's business. However, counsel for Hedeman has discovered that SynWorld is in the business of assisting pharmaceutical companies in obtaining regulatory approval for their products in China. For example, on June 29, 2022, the publicly-traded company Jaguar Health, Inc. ("Jaguar") issued a press release announcing that Jaguar "has entered an exclusive license and services agreement with Ontario, Canada-based SynWorld Technologies Corporation (SynWorld) for the treatment of diarrhea in dogs in the China market with Jaguar's Canalevia® (crofelemer delayed-release tablets) prescription drug product."[2] Notably, the deal included "a commitment by SynWorld to make quarterly purchases of Jaguar common stock (purchased at market price in unregistered stock at the time of purchase), amounting to US $5.0 million of Jaguar stock purchased in total, during the initial two-year term of the agreement." *Id.*

Wang does not indicate whether he or SynWorld have a business relationship with Ampio, which is similar to Jaguar in that it is a small-cap pharmaceutical company. If Wang/SynWorld have a business relationship with Ampio and/or their transactions were related to this relationship, it would subject them to unique defenses not applicable to the class. For example, Defendants may be able to argue that any acquisition of Ampio stock pursuant to a business agreement with Ampio were not made in reliance on the integrity of the market price of Ampio shares. *See In re Petrobras*

---

[2] *See* Jaguar Health Enters Exclusive Crofelemer License and Commercialization Agreement with SynWorld Technologies for Canalevia for Treatment of Diarrhea in Dogs in China, available at https://www.accesswire.com/706886/Jaguar-Health-Enters-Exclusive-Crofelemer-License-and-Commercialization-Agreement-with-SynWorld-Technologies-for-Canalevia-for-Treatment-of-Diarrhea-in-Dogs-in-China (last visited November 7, 2022).

*Sec. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015) (rejecting a lead plaintiff movant where its transactions "raise[d] serious questions regarding [its] reliance on the alleged misrepresentations and omissions"). Defendants may argue that the business relationship made Wang/SynWorld privy to non-public information about Ampio—especially since this action hinges on allegations that Defendants made false and misleading statements regarding Ampio's efforts to obtain regulatory approval of Ampion. *See* Dkt. No. 1 ¶¶ 3-6; *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1029-30 (N.D. Cal. 1999) (rejecting a lead plaintiff movant who would be "encumbered with the unique question" as to whether it acquired its shares based on non-public information and therefore "not fully in reliance on the market price").

Courts routinely order discovery if a lead plaintiff movant withholds relevant information related to its adequacy, and Hedeman intends to seek such discovery if Wang and SynWorld do not disclose whether they have a business relationship with Ampio, and the extent of any such relationship. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iv); *Broadfoot v. Barrick Gold Corp.*, No. 17-cv-3507, 2017 WL 3738444, at *1 (S.D.N.Y. Aug. 9, 2017) (granting limited discovery where "there exists a potential that [a movant] is in a unique position that would defeat typicality and adequacy"); *Rao v. Quorum Health Corp.,* 221 F. Supp. 3d 987, 990 (M.D. Tenn. 2016) (granting limited discovery to determine if movant "will adequately represent the class and whether it is subject to any unique defenses").

## II.  CONCLUSION

For these reasons, Wang and SynWorld should disclose whether they have a business relationship with Ampio, and the extent of any such relationship. If Wang and SynWorld are inadequate or subject to unique defenses, Hedeman should be appointed as lead plaintiff.

DATED: November 7, 2022

**GLANCY PRONGAY & MURRAY LLP**


*s/ Robert V. Prongay*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com

*Counsel for Lynn Hedeman and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document and accompanying Proposed Order were filed with this Court on November 7, 2022 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Robert V. Prongay*
Robert V. Prongay