# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02105-WJM-MEH

CHRISTOPHER KAIN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

   v.

AMPIO PHARMACEUTICALS, INC.
MICHAEL A. MARTINO,
MICHAEL MACALUSO, and
HOLLI CHEREVKA,

      Defendants.

---

## TAO WANG AND SYNWORLD TECHNOLOGIES CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

---

**TABLE OF CONTENTS**

MEMORANDUM OF LAW ................................................................................................... 1

INTRODUCTION ............................................................................................................. 1

ARGUMENT..................................................................................................................... 2

I.      MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS ........ 2

        A.      Movants Are the Presumptive Lead Plaintiffs........................................... 2

        B.      Movants Timely Filed A Motion Pursuant To The PSLRA .................................. 3

        C.      Movants Have The Largest Financial Interest In The Relief Sought By The
                Class ..................................................................................................... 3

        D.      Movants Satisfy The Relevant Requirements Under Rule 23 For Lead
                Plaintiff ................................................................................................. 5

II.     THE OTHER MOVANTS CLAIM LOSSES LOWER THAN MOVANTS AND
        THEREFORE DO NOT POSSESS THE LARGEST FINANCIAL INTEREST.............. 7

III.    MOVANTS' SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL
        SHOULD BE APPROVED .................................................................................... 7

CONCLUSION.................................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ................................................................................7

*In re Crocs, Inc. Sec. Litig.*,
    No. 07-cv-02351-REB-KLM, 2008 WL 4298316 (D. Colo. Sept. 17, 2008) ......................4, 6

*Mishkin v. Zynex, Inc.*,
    No. 09-cv-00780-REB-KLM, 2010 WL 749864 (D. Colo. Mar. 3, 2010)................................6

*Pace v. Quintanilla*,
    No. SACV 14-2067-DOC, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) ..............................4

*Query v. Maxim Integrated Prods., Inc.*,
    558 F. Supp. 2d 969 (N.D. Cal. 2008) ..................................................................4

*In re Ribozyme Pharms., Inc. Sec. Litig.*,
    192 F.R.D. 656 (D. Colo. 2000) .......................................................................4, 6

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)....................................4

*Takara Trust v. Molex, Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005).........................................................................4

**Statutes**

15 U.S.C. § 78u-4(a)(3) ..............................................................................2, 3, 5, 7

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)...............................................................................6

Anne Cullen,
    *More Judges Are Demanding Diversity Among Class Counsel*,
    Law360 (July 16, 2020) ................................................................................8

Ralph Chapoco,
    *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
    Bloomberg Law (July 30, 2020) .......................................................................8

## MEMORANDUM OF LAW

Movants Tao Wang and SynWorld Technologies Corporation ("Movants") respectfully submit this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in opposition to all competing lead plaintiff motions and in further support of their motion for an Order: (1) appointing Movants as Lead Plaintiffs in the above-captioned action; (2) approving Movants' selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper. [1]

## INTRODUCTION

On October 17, 2022, six motions by shareholders of Ampio Pharmaceuticals, Inc. ("Ampio" or the "Company") were timely filed with this Court to be appointed lead plaintiff (and for appointment of their counsel as lead counsel) under the PSLRA. *See* ECF No. 16 at 1 (Justin Keister ("Keister"));[2] ECF No. 18 at 1 (Padme Management Corp. ("Padme Management"));[3] ECF No. 19 at 1 (Lynn Hedeman ("Hedeman")); ECF No. 20 at 1 (Matthew

---

[1]    All terms not otherwise defined herein shall have the same meaning as those terms in the Motion of Tao Wang and SynWorld Technologies Corporation for Appointment as Lead Plaintiffs and Approval of Lead Plaintiffs' Selection of Lead Counsel ("Opening Brief"). ECF No. 23. All references to "Ex. __" are exhibits to the Declaration of James M. Wilson, Jr. in Support of Tao Wang and SynWorld Technologies Corporation's Motion for Appointment as Lead Plaintiffs and Approval of Lead Plaintiffs' Selection of Lead Counsel. ECF No. 25. All citations and internal quotation marks are omitted and all emphases are added unless otherwise noted.

[2]    On October 20, 2022, Keister filed a Notice of Withdrawal withdrawing his motion for appointment as lead plaintiff. *See* ECF No. 26.

[3]    On November 3, 2022, Padme Management filed a Notice of Non-Opposition acknowledging it does not have the largest financial interest in the litigation. *See* ECF No. 28.

1

Shipley ("Shipley"));[4] ECF No. 22 at 1 (Punit Kohli ("Kohli");[5] and ECF No. 23 at 1 (Movants).[6]

Under Section 21D of the Exchange Act, as amended by the PSLRA, Congress established a legal presumption in favor of appointment as Lead Plaintiff the class member who demonstrates the "largest financial interest in the litigation" and who makes a prima facie showing that the class member satisfies the PSLRA's procedural requirements and Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movants are presumptively the most adequate movants to lead the Class under the PSLRA because they timely moved to be appointed lead plaintiffs, they have the largest financial interest, and they satisfy the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movants respectfully ask this court to appoint them lead plaintiffs and approve their selection of the Faruqi Firm to act as lead counsel.

ARGUMENT

I.      MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS

        A.      Movants Are the Presumptive Lead Plaintiffs

Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The presumptive "most adequate plaintiff" is the person who has the "largest financial interest in the

---

[4]     On October 26, 2022, Shipley filed a Notice of Non-Opposition acknowledging he does not have the largest financial interest in the litigation. *See* ECF No. 27.

[5]     On November 7, 2022, Kohli filed a Notice of Non-Opposition acknowledging he does not have the largest financial interest in the litigation. *See* ECF No. 29.

[6]     On November 7, 2022, Defendants Ampio and Michael A. Martino filed a Statement of No Position regarding the competing motions for appointment as lead plaintiff.

2

relief sought by the class" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As demonstrated in their Opening Brief, the Movants should be appointed Lead Plaintiffs because all of the PSLRA's procedural hurdles have been satisfied, Movants hold the largest financial interest of any movant, and Movants otherwise satisfy Rule 23's typicality and adequacy requirements.

### B.    Movants Timely Filed A Motion Pursuant To The PSLRA

Christopher Kain filed this action on August 17, 2022, and his counsel published notice of the lead plaintiff deadline via *BusinessWire* that same day. *See* Ex. A (ECF No. 25-1). Consequently, any member of the proposed Class was required to seek to be appointed Lead Plaintiff within 60 days after publication of the notice (*i.e.*, on or before October 17, 2022).[7] *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Movants timely filed their Motion, with the required certifications identifying all of their relevant transactions in Ampio securities during the Class Period and detailing their suitability to serve as Lead Plaintiffs. *See* Ex. B (ECF No. 25-2).

The PSLRA's procedural requirements have therefore been met.

### C.    Movants Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the

---

[7]    Because the 60th day fell on Sunday, October 16, 2022, Fed. R. Civ. P. 6(a)(1) extended the deadline to Monday, October 17, 2022.

relief sought, courts in this Circuit typically look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See In re Ribozyme Pharms., Inc. Sec. Litig.*, 192 F.R.D. 656, 660-61 (D. Colo. 2000); *Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008); *see also In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-REB-KLM, 2008 WL 4298316, at *2 (D. Colo. Sept. 17, 2008) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative."); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) ("[C]ourts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

As illustrated in the table below, Movants are indisputably the movants with the largest financial loss:

| Movant(s)[8] | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses |
|---|---|---|---|---|
| **Tao Wang & SynWorld** | 5,441,219 | 5,366,319 | $3,871,489.53 | **-$3,455,790.72** |

---

[8]     A movant who has filed a notice of non-opposition or withdrew their motion is listed in the table of all movants with a strike through their name and transaction information.

| Technologies Corp. | | | | |
|---|---|---|---|---|
| **Lynn Hedeman** | 1,447,226 | 656,739 | 765,013.03 | **-$713,231.68** |
| ~~**Padme Management Corp**~~-Notice of Non-Opposition | ~~394,740~~ | ~~(400,056)~~ | ~~$15,001.29~~ | ~~**-$298,898.80**~~ |
| ~~**Punit Kohli**~~ Notice of Non-Opposition | ~~1,501,460~~ | ~~1,501,460~~ | ~~$400,350~~ | ~~**-$282,589.00**~~ |
| ~~**Matthew Shipley**~~-Notice of Non-Opposition | ~~224,856.412~~ | ~~112,046.412~~ | ~~$292,228.76~~ | ~~**-$262,044.65**~~ |
| ~~**Justin Keister**~~ Notice of Withdrawal | ~~444,112~~ | ~~0~~ | ~~$224,479.97~~ | ~~**-$224,479.97**~~ |

As shown above, Movants have the largest financial loss among the movants. Movants also expended the most funds in connection with purchases of Ampio securities and purchased and retained the largest number of shares.

Given that Movants assert the largest financial losses among the movants by a substantial margin, Movants are entitled to invoke the PSLRA's "most adequate plaintiff" presumption.

**D.      Movants Satisfy The Relevant Requirements Under Rule 23 For Lead Plaintiff**

The PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See*

5

*Crocs*, 2008 WL 4298316, at *2 ("As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the lead plaintiff issue.").

Movants' claims are clearly typical of the Class's claims. Movants acquired Ampio securities during the Class Period, suffered damages as a result of the false and misleading statements made by Defendants, and possess claims against Defendants under the federal securities laws. Because the factual and legal bases of Movants' claims are similar to those of the Class's claims, they necessarily satisfies the typicality requirements. *See Ribozyme*, 192 F.R.D. at 658 (finding plaintiff group typical where it: (1) purchased defendant stock during the relevant time period, (2) at prices alleged to be artificially inflated by the false and misleading statements issued by Defendants, (3) causing damages).

Movants will also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The requirement of adequacy is satisfied on proof of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *See Crocs*, 2008 WL 4298316, at *2.

As evidenced by the representations in Movant Tao Wang's personal certification, and the certification of Movant SynWorld Technologies Corporation, *see* Ex. B (ECF No. 25-2), Movants' interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Mishkin v. Zynex, Inc.*, No. 09-cv-00780-REB-KLM, 2010 WL 749864, at *2 (D. Colo. Mar. 3, 2010) (movants' certifications evidenced adequacy to serve as lead plaintiff). Contemporaneously with the filing of the instant motion, Movant Tao Wang has submitted a Declaration with additional

information about himself, his work and educational background, and experience investing, clearly

demonstrating his adequacy to represent class members. Movant Tao Wang has a degree in

Computer Science from Beijing Polytechnic University and a strong business background. Ex. C ¶¶

5-7 (ECF No. 25-3). He has owned and managed his own company, Movant SynWorld

Technologies Corporation, for approximately three years. *Id*. He has been investing for

approximately two and a half years and manages his own investments. *Id*.

Further, as discussed below, Movants have selected and retained highly competent counsel

to litigate claims on behalf of themselves and the Class.

In sum, Movants meet all the lead plaintiff requirements under the PSLRA, and they

respectfully ask the Court to appoint them Lead Plaintiffs for the Action.

## II.    THE OTHER MOVANTS CLAIM LOSSES LOWER THAN MOVANTS AND THEREFORE DO NOT POSSESS THE LARGEST FINANCIAL INTEREST

The remaining movants possess smaller financial interests than Movants in the litigation,

as set forth in the chart above and therefore do not meet this requirement under the PSLRA to be

appointed lead plaintiff. Section I.C., *supra*. Therefore, under the PSLRA, their motions for lead

plaintiff should be denied. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The

statutory process is sequential: The court must examine potential lead plaintiffs one at a time,

starting with the one who has the greatest financial interest, and continuing in descending order if

and only if the presumptive lead plaintiff is found inadequate or atypical.").

## III.   MOVANTS' SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and

retain Lead Counsel for the Class, subject to the Court's approval.

Movants have selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned[9] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions.   *See* Opening Brief at 14-15; Faruqi Firm resume, ECF No. 25-4.

Further, the Faruqi Firm currently serves as sole lead counsel in several prominent securities class actions. *See, e.g., Aramic LLC v. Revance Therapeutics, Inc.*, No. 5:21-cv-09585-EJD (N.D. Cal.); *In Re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.); *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd*., No. 20-4660-KSM (E.D. Pa*.); In re Allergan PLC Sec. Litig*., No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.); *Lowthorp v. Mesa Air Grp., Inc*., No. 2:20-cv-00648-MTL (D. Ariz.); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.); *In re Synergy Pharm., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.).

Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[10]  Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel.  Currently, over 40% of the firm's partnership positions are held by women and minorities, and the firm is

---

[9]     *See* Ex. E (ECF No. 25-5).

[10]    *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

8

committed to growing this figure in the coming years.  *See* https://www.faruqilaw.com/our-attorneys.

Accordingly, the Movants respectfully request that the Court approve their selection of the Faruqi Firm as Lead Counsel.

## CONCLUSION

For the foregoing reasons, the Movants respectfully request that the Court: (1) appoint the Movants as Lead Plaintiffs; (2) approve their selection of the Faruqi Firm as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated:  November 7, 2022                    Respectfully submitted,

By: s/ James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (application for admission forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: jwilson@faruqilaw.com
E-mail: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiffs Tao Wang, SynWorld Technologies Corporation and [Proposed] Lead Counsel for the putative Class*

9

## CERTIFICATE OF SERVICE

I, James M. Wilson, Jr., hereby certify that on November 7, 2022, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such

filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ James M. Wilson, Jr.<br>James M. Wilson, Jr.