# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02105-WJM-MEH

CHRISTOPHER KAIN, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

     v.

AMPIO PHARMACEUTICALS, INC.,
MICHAEL A. MARTINO,
MICHAEL MACALUSO, and
HOLLI CHEREVKA,

        Defendants.

---

## LYNN HEDEMAN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL

---

Hedeman's[1] motion for appointment as lead plaintiff and approval of lead counsel (Dkt.

No. 19) should be granted if Wang and SynWorld have a business relationship with Ampio.

## I.    WANG/SYNWORLD SHOULD BE DISQUALIFIED IF THEY HAVE A BUSINESS RELATIONSHIP WITH AMPIO, AND THEY HAVE NOT DENIED SUCH A RELATIONSHIP

Despite now having had a second opportunity in their opposition memorandum to

acknowledge or disclaim a business relationship between SynWorld and Ampio, Wang and

SynWorld have remained silent. *See* Dkt. No. 32 ("Wang/SynWorld Opp."). If such a

relationship exists, Wang/SynWorld should be disqualified from appointment as lead plaintiff on

the basis that they are inadequate to represent the class and subject to unique defenses not

applicable to the rest of the class. *See O'Neil v. Appel*, 165 F.R.D. 479, 492 (W.D. Mich. 1996)

(rejecting a proposed class representative because he was "hired to help the company with its

corporate strategic planning"); *Landry v. Price Waterhouse Chartered Accts.*, 123 F.R.D. 474,

476 (S.D.N.Y. 1989) (disqualifying proposed class representatives that purchased stock "based

on non-public information"); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1029-

30 (N.D. Cal. 1999) (rejecting a lead plaintiff movant who may have acquired its shares based on

non-public information and therefore "not fully in reliance on the market price"). Moreover, if

Wang/SynWorld have such a relationship with Ampio, and have not disclosed it, the lack of

candor would be further reason to find that they cannot be trusted to adequately represent the

class.

To disqualify Wang/SynWorld based on a unique defense related to SynWorld's

relationship to Ampio, "the Court need not conclude that the defense is likely to or will

---

[1] All capitalized terms herein are as defined in Hedeman's opposition memorandum (Dkt. No. 31) unless otherwise noted.

succeed." *In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20-cv-4420, 2020 WL 5548856, at *7 (S.D.N.Y. Sept. 16, 2020) (citation omitted). Instead, only a "potential" that they are "subject to unique defenses" is necessary to disqualify them. *Id.*

If Wang/SynWorld provide any new evidence on reply with respect to their relationship with Ampio, Hedeman should be given an opportunity to respond, and intends to file a motion for leave to file a sur-reply if necessary.

## II.    IF WANG/SYNWORLD ARE DISQUALIFIED, HEDEMAN SHOULD BE APPOINTED AS LEAD PLAINTIFF

If Wang and SynWolrd are eliminated from consideration, Hedeman is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). First, Hedeman filed a timely motion (Dkt. No. 19). Second, Hedeman has the next largest financial interest of any movant— and in fact is the only remaining movant. *See* Dkt. No. 19-3 (evidencing a LIFO loss of $713,231.68). Third, Hedeman has made the required preliminary showing that he satisfies the requirements of Rule 23. *See* Dkt. No. 19 at 6-8. As such, Hedeman would be the presumptively most adequate plaintiff.

Moreover, any presumption that Hedeman is the most adequate plaintiff has not been rebutted. No movant, including Wang/SynWorld, has challenged Hedeman's adequacy. There is no dispute—Hedeman is a retired neurosurgeon with more than 30 years of investing experience. *See* Dkt. No. 19 at 6. Hedeman is adequate to represent the class. Accordingly, if Wang and SynWorld are eliminated from consideration, Hedemann should be appointed as lead plaintiff, and his selection of counsel should be approved.

## III.    CONCLUSION

For these reasons, Wang and SynWorld should be disqualified from consideration for appointment as lead plaintiff if they have a business relationship with Ampio, Hedeman should be appointed as lead plaintiff, and Hedeman's selection of counsel should be approved.

DATED: November 21, 2022                    **GLANCY PRONGAY & MURRAY LLP**

*s/ Robert V. Prongay*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com

*Counsel for Lynn Hedeman and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and accompanying Proposed Order were filed with this Court on November 21, 2022 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Robert V. Prongay*
Robert V. Prongay

4