**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02105-WJM-MEH

CHRISTOPHER KAIN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

   v.

AMPIO PHARMACEUTICALS, INC.
MICHAEL A. MARTINO,
MICHAEL MACALUSO, and
HOLLI CHEREVKA,

    Defendants.

---

**TAO WANG AND SYNWORLD TECHNOLOGIES CORPORATION'S REPLY
MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD PLAINTIFFS'
SELECTION OF LEAD COUNSEL AND IN RESPONSE TO MOVANT LYNN
HEDEMAN'S OPPOSITION**

---

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ............................................................................................... 1

ARGUMENT ...................................................................................................................... 3

I.      THERE IS NO DISPUTE THAT MOVANTS ARE THE PRESUMPTIVE LEAD
        PLAINTIFFS ............................................................................................................. 3

II.     THE PSLRA PRESUMPTION HAS NOT BEEN REBUTTED - MOVANTS DO
        NOT HAVE ANY BUSINESS RELATIONSHIP WITH AMPIO OR ANY
        DISQUALIFYING CONFLICT OF ANY KIND .............................................................. 3

III.    HEDEMAN HAS NOT DEMONSTRATED ANY BASIS TO OBTAIN
        DISCOVERY ............................................................................................................. 7

CONCLUSION ................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                                            **Page(s)**

*Cooke v. Equal Energy Ltd.*,
     No. CIV-14-0087-C, 2014 WL 3819159 (W.D. Okla. May 8, 2014) ........................................5

*Hodges v. Immersion Corp.*,
     No. C-09-4073 MMC, 2009 WL 5125917 (N.D. Cal. Dec. 21, 2009).....................................8

*Meyer v. Paradigm Med. Indus.*,
     225 F.R.D. 678 (D. Utah 2004) ...............................................................................................4

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.*,
     No. 09-md-02063-JLK-KMT, 2009 WL 4016635 (D. Colo. Nov. 18, 2009)..........................8

*In re SemGroup Energy Partners, L.P., Sec. Litig.*,
     No. 08-CV-425-GKF-PJC, 2008 WL 4826318 (N.D. Okla. Oct. 27, 2008) ............................5

*In re Spectranetics Corp. Sec. Litig.*,
     No. 08-cv-02048-REB-KLM, 2009 WL 1663953 (D. Colo. June 15, 2009)............................5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)......................................................................................................5, 7

Movants Tao Wang ("Wang") and SynWorld Technologies Corporation ("SynWorld") (collectively "Movants") [1] respectfully submit this Reply Memorandum of Law in further support of their Motion for Appointment as Lead Plaintiffs and Approval of Lead Plaintiffs' Selection of Lead Counsel ("Movants' Lead Plaintiff Motion") (ECF No. 23) and in response to the opposition brief filed by movant Lynn Hedeman ("Hedeman") (ECF No. 31) ("Hedeman Opp.").

## SUMMARY OF ARGUMENT

Movants have demonstrated that they are the presumptive Lead Plaintiffs because they have the largest financial interest in the outcome of the litigation with losses of **$3,455,790.72** and because they meet the typicality and adequacy requirements of Rule 23. ECF Nos. 23 and 32.

Hedeman, with losses of $713,231.68, well below Movants' losses, attempts to rebut the Movants' presumption by challenging their adequacy to represent the Class with a **falsehood**, claiming that his counsel "discovered that SynWorld is in the business of assisting pharmaceutical companies in obtaining regulatory approval for their products in China." Hedeman Opp. 2. Based on this falsehood, Hedeman makes the farfetched speculation that it may be possible that Movants have a business relationship with Ampio that was not disclosed and that would subject them to disqualifying unique defenses. Hedeman intends to seek discovery from Movants if they do not disclose whether they have a business relationship with

---

[1]     All terms not otherwise defined herein shall have the same meaning as those terms in the Motion of Tao Wang and SynWorld Technologies Corporation for Appointment as Lead Plaintiffs and Approval of Lead Plaintiffs' Selection of Lead Counsel ("Opening Brief"). ECF No. 23. All citations and internal quotation marks are omitted, and all emphases are added unless otherwise noted.

1

Ampio. Hedeman Opp. 3. This Reply and the reply declaration from Wang ("Wang Reply Decl."),[2] refute Hedeman's falsehood and respond to the arguments based on that falsehood.

As discussed below and demonstrated in the Wang Reply Declaration:

(i)     SynWorld is a telecommunications company and **does not** regularly assist pharmaceutical companies in obtaining regulatory approval for their products in China; and

(ii)    **neither Wang nor SynWorld have any relationship with Ampio**, other than owning stock in the Company that was purchased in the open market based on publicly available information, as reported in their PSLRA Certifications filed with their Lead Plaintiff Motion.

*See* Wang Reply Decl. ¶¶ 4-10.

Because neither Wang nor SynWorld have a business relationship with Ampio and they did not withhold any information relevant to their Lead Plaintiff Motion, the supposed foundation for Hedeman's opposition is non-existent and there is no basis under the strict limitations for discovery under the PSLRA to allow Hedeman to engage in a fishing expedition for information related to their adequacy.

Movants respectfully submit that they meet all the PSLRA's requirements to serve as Lead Plaintiff and their Lead Plaintiff Motion should be granted in its entirety and Hedeman's motion for lead plaintiff should be denied in its entirety.

---

[2]     The Wang Reply Decl. is attached at Exhibit 1 to the Reply Declaration of James M. Wilson, Jr. in Further Support of Movant's Lead Plaintiff Motion ("Wilson Decl.").

**ARGUMENT**

**I.     THERE IS NO DISPUTE THAT MOVANTS ARE THE PRESUMPTIVE LEAD PLAINTIFFS**

There is no dispute that Movants suffered the largest loss due to the alleged fraud by Defendants. Movants suffered a loss of **$3,455,790.22.72, over $2.7 million more than Hedeman**, the only remaining movant. *See* Movants' Lead Plaintiff Motion (ECF No. 23) 11; *see also* Movants' Memorandum of Law in Opposition to Competing Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Movants' Opp.") (ECF No. 32) 4-5.

Furthermore, Movants have demonstrated that they meet Rule 23's typicality and adequacy requirements. Movants' claims are typical of other class member claims as they acquired Ampio stock during the Class Period and suffered damages as a result of Defendants' false and misleading statements. *See* Movants' Lead Plaintiff Motion 12; *see also* Movants' Opp. 6.

Movants have also shown that they will fairly and adequately protect the interest of the class. Their interests are aligned with the class members' interests, and they are more than capable to serve in a representative capacity, including by retaining experienced counsel. *See* Movants' Lead Plaintiff Motion 12-15; *see also* Movants' Opp. 6-9.

Consequently, Movants have demonstrated that they are the presumptive lead plaintiffs in this case.

**II.    THE PSLRA PRESUMPTION HAS NOT BEEN REBUTTED - MOVANTS DO NOT HAVE ANY BUSINESS RELATIONSHIP WITH AMPIO OR ANY DISQUALIFYING CONFLICT OF ANY KIND**

Hedeman opposes Movants' Lead Plaintiff Motion on the sole basis that "Wang/SynWorld have failed to disclose whether they have a business relationship with Ampio

3

Pharmaceuticals, Inc."  Hedeman Opp. 1. First, Movants have now fully disclosed that they have no business relationship with Ampio. Second, that entire challenge was based on a falsehood conjured by Hederman that SynWorld is in the business of assisting pharmaceutical companies in obtaining regulatory approval for their products in China. Hedeman Opp. 1-2. The truth is SynWorld is in the telecommunications business. *See* Wang Reply Decl. ¶ 6. SynWorld provides applications for text messaging services for enterprises worldwide. *See id.* SynWorld's platform allows business to communicate via text message regardless of client location. *See id.* SynWorld's clients include Alibaba Group and Tencent, among others. *See id*.

SynWorld entered into one single agreement with Jaguar Health, Inc. ("Jaguar"), the maker of a veterinary prescription medication to treat diarrhea in dogs, to help with their marketing efforts in China. *See id.* ¶ 7. This single ***marketing*** agreement with Jaguar is the only agreement SynWorld has with any pharmaceutical company. *See id.* ¶ 8. Therefore, Hedeman's statement that "SynWorld is in the business of assisting pharmaceutical companies in obtaining regulatory approval for their products in China" is completely false. Hedeman Opp. 2.

Based on that falsehood, Hedeman goes on to make the completely unsupported speculation that Movants may suffer from a disqualifying unique defense if they obtained their Ampio stock pursuant to a business relationship with Ampio rather than in reliance on the integrity of the market. *Id.* at 2-3. As discussed below, Hedeman's opposition is conjured up. Rank speculation and false characterization of the facts are insufficient to rebut Movants' presumption of adequacy. *See Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 683-84 (D. Utah 2004) (rejecting challenge to adequacy that was unsubstantiated by proof).

The PSLRA requires a competing movant to submit "proof" that the presumptive lead

4

plaintiff is inadequate to represent the class and that their claims are not typical of the other class members. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The statutory reference to "proof" excludes challenges based on speculation. *See In re Spectranetics Corp. Sec. Litig.*, No. 08-cv-02048-REB-KLM, 2009 WL 1663953, at *6 (D. Colo. June 15, 2009) ("The presumption created by the statute may be rebutted only by proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Cooke v. Equal Energy Ltd.*, No. CIV-14-0087-C, 2014 WL 3819159, at *3 (W.D. Okla. May 8, 2014) (rejecting challenge based on speculative assertions about movant's adequacy). With respect to proving inadequacy, the burden rests with the parties contesting the appointment of the presumptive lead plaintiff. *In re SemGroup Energy Partners, L.P., Sec. Litig.*, No. 08-CV-425-GKF-PJC, 2008 WL 4826318, at *2 (N.D. Okla. Oct. 27, 2008) (citing *Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532, at *10 (S.D.N.Y. Dec. 21, 2007)).

Hedeman's counsel learned of a press release issued by a company called Jaguar that it had entered into a licensing and service agreement with SynWorld. Jaguar is an animal health product company that makes a veterinary prescription medication to treat diarrhea in dogs. Hedeman Opp. 2. Based on this single example, Hedeman claims that his counsel "discovered that SynWorld is in the business of assisting pharmaceutical companies in obtaining regulatory approval for their products in China." *Id*. **As shown in the Wang Reply Declaration, Hedeman's assertion describing SynWorld's business as if it is a fact is in reality false.**

SynWorld has been operating for approximately three years and is in the telecommunications business. *See* Wang Reply Decl. ¶ 6. SynWorld provides applications for

5

text messaging services for enterprises worldwide. *See id.* SynWorld's platform allows business to communicate via text message regardless of client location. *See id.* SynWorld's clients include Alibaba Group and Tencent, among others. *See id.*

Wang's involvement with Jaguar arose after he purchased Jaguar stock on the open market and then met Jaguar's CEO. Wang Reply Decl. ¶ 7.  He expressed an interest in trying to market Jaguar's veterinary prescription medication to treat diarrhea in dogs in China. *Id.* Based on Wang's upbringing and contacts in China, assisting Jaguar with Chinese marketing efforts was a business opportunity for Wang. *Id.* Therefore, SynWorld entered into an agreement with Jaguar earlier this year to help with these marketing efforts. *Id.* This single agreement with Jaguar is the only agreement with any company to help market a product in China and the only agreement that SynWorld has ever had with a pharmaceutical company. *Id.* Wang has no business arrangements with any other pharmaceutical company other than Jaguar and no business arrangement with Ampio. *Id.* ¶ 8. Further, SynWorld has no business arrangements with Ampio or any other pharmaceutical company, other than Jaguar, to assist in obtaining regulatory approval for any product in China. *Id.* ¶ 9. Wang and SynWorld's only connection with Ampio is through the stock transactions listed in their PSLRA Certifications filed in support of Movants' Lead Plaintiff Motion representing purchases of publicly-traded Ampio stock on the New York Stock Exchange based solely on publicly available information. *Id*. ¶ 10.

Movants have submitted evidence in the Wang Reply Declaration rebutting Hedeman's false claim and supposition derived from this false claim of a relationship between them and Ampio. Because Movants have no relationship with Ampio and purchased their Ampio stock based on publicly available information just like other class members, they are not subject to the

unique defense argued by Hedeman and his case authority in which a court disqualified a lead

plaintiff movant based on such a relationship are wholly inapplicable here. *See* Hedeman Opp. 2-

3 citing *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015); *In re Network

Assoc., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1029-30 (N.D. Cal. 1999).

Movants are not engaged in the business of assisting pharmaceutical companies in

obtaining regulatory approval of their products in China and have no relationship with Ampio.

Movants are not subject to the unique defense claimed by Hedeman and their Lead Plaintiff

Motion should be granted.

### III.  HEDEMAN HAS NOT DEMONSTRATED ANY BASIS TO OBTAIN DISCOVERY

Hedeman stated in his opposition that if Wang and SynWorld do not disclose whether they

have a business relationship with Ampio and the extent of any such relationship that he intended to

seek discovery into Wang and SynWorld's adequacy. Hedeman Opp. 3. Movants have now

submitted the Wang Reply Declaration confirming that there is no relationship between

Wang/SynWorld and Ampio. Consequently, there is no basis under the PSLRA to permit discovery

into Movants' adequacy.

Contrary to Hedeman's assertion, courts do not routinely order discovery in lead plaintiff

motions practice related to adequacy especially when a contesting movant's discovery request is

based on a falsehood and/or mere speculation. The PSLRA provides for discovery concerning the

adequacy of a proposed lead plaintiff if a competing movant can show that there is "a reasonable

basis for finding that the presumptively most adequate plaintiff is incapable of adequately

representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv).  Hedeman's basis to seek discovery from

Movants was infirm even if SynWorld's business was to consult companies seeking to do business

in China because he had no evidence that SynWorld had any relationship with Ampio. *See In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, No. 09-md-02063-JLK-KMT, 2009 WL 4016635, at \*5 (D. Colo. Nov. 18, 2009) (reflecting court's denial of motion for discovery based on unsupported allegations of misconduct on the part of lead counsel candidate); *Hodges v. Immersion Corp.*, No. C-09-4073 MMC, 2009 WL 5125917, at \*4 (N.D. Cal. Dec. 21, 2009) (reflecting court's denial of motion for discovery where competing movant failed to demonstrate a reasonable basis for a finding that presumptive lead plaintiff was incapable of representing class). Thus, Hedeman's authority in support of his position was inapposite.  *See* Hedeman Opp. 3 citing *Broadfoot v. Barrick Gold Corp.*, No. 17 Civ. 3507 (NRB), 2017 WL 3738444, at \*1 (S.D.N.Y. Aug. 9, 2017) (discovery granted because there was actual evidence that one movant engaged in short selling and day trading presenting the possibility of a unique defense); *Rao v. Quorum Health Corp.*, 221 F. Supp. 3d 987, 990 (M.D. Tenn. 2016) (evidence was adduced at a hearing on the matter relating to an undisclosed relationship between the presumptive lead plaintiff and another entity).

In any event, the Wang Reply Declaration satisfies Hedeman's stated precondition to seeking discovery by disclosing that Movants do not have a relationship with Ampio. *See* Hedeman Opp. 3. Thus, Hedeman's speculation of a relationship with Ampio has been put to rest and obviates any supposed basis to permit discovery under the PSLRA.

**CONCLUSION**

Hedeman's Hail Mary pass has failed. Having nowhere near the largest losses, his desperate attempt to be appointed Lead Plaintiff should fail. Movants respectfully request that the Court: (i) deny Hedeman's motion to be appointed lead plaintiff; (ii) deny any request to engage in discovery from Movants; (iii) appoint Movants as Lead Plaintiff; (iv) approve the

Faruqi Firm as Lead Counsel; and (v) grant such other relief as the Court may deem just and proper.

Dated:  November 21, 2022                 Respectfully submitted,

                                          By: s/ James M. Wilson, Jr.


                                          James M. Wilson, Jr.
                                          Robert W. Killorin (application for admission forthcoming)
                                          **FARUQI & FARUQI, LLP**
                                          685 Third Avenue, 26th Floor
                                          New York, NY 10017
                                          Telephone: 212-983-9330
                                          Facsimile: 212-983-9331
                                          E-mail: jwilson@faruqilaw.com
                                          E-mail: rkillorin@faruqilaw.com


                                          *Attorneys for [Proposed] Lead Plaintiffs Tao Wang, SynWorld Technologies Corporation and [Proposed] Lead Counsel for the putative Class*

9

## CERTIFICATE OF SERVICE

I, James M. Wilson, Jr., hereby certify that on November 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ James M. Wilson, Jr.
James M. Wilson, Jr.
