# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02105-WJM-MEH

CHRISTOPHER KAIN, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

  v.

AMPIO PHARMACEUTICALS, INC.
MICHAEL A. MARTINO,
MICHAEL MACALUSO, and
HOLLI CHEREVKA,

     Defendants.

---

## DECLARATION OF TAO WANG IN FURTHER SUPPORT OF MOTION OF TAO WANG AND SYNWORLD TECHNOLOGIES CORPORATION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL

---

I, Tao Wang, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I respectfully submit this Declaration in further support of my and my Company SynWorld Technologies Corporation's ("SynWorld") (together "Movants") Motion for the Appointment as Lead Plaintiff and Approval of Lead Counsel in the above-referenced matter. ECF Nos. 23, 32.

2. I have reviewed the opposition papers filed on November 7, 2022, by Lynn Hedeman ("Hedeman") (ECF No. 31) the only other investor still seeking to be appointed lead plaintiff in this case. Hedeman opposes my and SynWorld's Lead Plaintiff Motion on the sole ground that his counsel "discovered that SynWorld is in the business of assisting pharmaceutical companies in obtaining regulatory approval for their products in China." As shown below, that statement is false and predicated on a single one-time event where I agreed to assist Jaguar Health, Inc.'s ("Jaguar") CEO with Chinese marketing efforts.

3. Based on this "discovery" by Hedeman's counsel, Hedeman makes the far-fetched speculation that it could be possible that I and my company SynWorld may be subject to disqualifying unique defenses if I or my company has a business relationship with Ampio that is similar to one that SynWorld has with Jaguar. Hedeman further argues that he will seek discovery into my adequacy if I do not disclose my business relationship with Ampio. ECF No. 31. I respond to Hedeman's arguments below.

4. First, my company SynWorld **does not regularly engage in the business of assisting pharmaceutical companies in obtaining regulatory approval for their products in China.**

5. Second, **neither I nor my nor my company SynWorld has any business relationship with Ampio or any entity associated with Ampio.**

1

6.    My company SynWorld has been operating for approximately three years and is in the telecommunications business. SynWorld provides applications for text messaging services for enterprises worldwide. SynWorld's platform allows businesses to communicate via text message regardless of client location. SynWorld's clients include Alibaba Group and Tencent, among others.

7.    My involvement with Jaguar arose after I purchased Jaguar stock on the open market and then met Jaguar's CEO. He expressed an interest in trying to market Jaguar's veterinary prescription medication to treat diarrhea in dogs in China. Based on my upbringing and contacts in China, assisting Jaguar with Chinese marketing efforts was a business opportunity for me. Therefore, SynWorld entered into an agreement with Jaguar earlier this year to help with these marketing efforts. This single agreement with Jaguar is the only agreement with any company to help market a product in China and the only agreement we have ever had with a pharmaceutical company

8.    Other than Jaguar, I have no business arrangements with Ampio or any other pharmaceutical company.

9.    SynWorld has no business arrangements with Ampio or any other pharmaceutical company, other than Jaguar, to assist in obtaining regulatory approval for any product in China.

10.    I and SynWorld's only connection to Ampio is through the stock transactions listed in our PSLRA Certifications filed in support of our Motion for Lead Plaintiff (ECF Nos. 25-2) representing purchases of publicly traded Ampio stock on the New York Stock Exchange based solely on publicly available information.

2

I, Tao Wang, declare under penalty of perjury that the foregoing is true and correct.

Dated: November 18, 2022

_____
Tao Wang

3