IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02105-WJM-MEH

CHRISTOPHER KAIN, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

AMPIO PHARMACEUTICALS, INC.,
MICHAEL A. MARTINO,
MICHAEL MACALUSO, and
HOLLI CHEREVKA,

      Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is the parties' "Joint Stipulated and Unopposed Motion to Continue the Stay" [filed December 14, 2022; ECF 36]. For the following reasons, the Court **grants** the unopposed motion.

## I.     Background

      Plaintiff filed a complaint on August 17, 2022, generally seeks recovery for alleged violations of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. ECF 1 ¶ 2. Several motions to appoint counsel and lead plaintiff are before District Judge Martinez. ECF 18; ECF 19; ECF 20; ECF 22; ECF 23. The parties request a stay until the appointment of a lead plaintiff and the filing of an amended complaint.

## II.    Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990); *see Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion.") (citation omitted). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006). Considering these factors, the Court concludes that a stay is warranted.

In this case the Plaintiff's interests in proceeding expeditiously and the potential prejudice of a delay are not at issue as Plaintiff requested. Similarly, the burden on the Defendants is not at issue since Defendants also requested the stay. In addition to avoiding unnecessary expense, a stay would serve the court and the public interest by avoiding unnecessary court expenses.

In the interests of judicial economy and in avoiding wasting the time and effort of all concerned, the Court finds good cause exists to impose a stay of discovery in this case until the appointment of a lead plaintiff and the filing of an amended complaint.

**III.   Conclusion**

Accordingly, for the reasons stated above, the Court **grants** the parties' "Joint Stipulated and Unopposed Motion to Continue the Stay" [filed December 14, 2022; ECF 36]. This matter is **stayed** pending further order of the Court and the February 13, 2023 scheduling conference is **vacated**.  The parties shall file a request to reset the scheduling conference within *five business days* of the appointment of a lead plaintiff and the filing of an amended complaint.

Dated at Denver, Colorado, this 15th day of December, 2022.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

3