## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02105-WJM-MEH

TAO WANG and SYNWORLD TECHNOLOGIES CORPORATION, Individually and on Behalf of All Others Similarly Situated,

       Plaintiff,

       v.

AMPIO PHARMACEUTICALS, INC.
MICHAEL A. MARTINO,
MICHAEL MACALUSO,
HOLLI CHEREVKA,
DAN STOKELY
DAVID BAR-OR,
PHILIP H. COELHO, and
RICHARD B. GILES

       Defendants.

## **STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement dated as of May 13, 2024 (the "Stipulation") is entered into between (a) Tao Wang and Synworld Technologies Corporation ("Lead Plaintiffs") on behalf of themselves and members of the Settlement Class; and (b) Ampio Pharmaceuticals, Inc. ("Ampio"), Michael A. Martino, Holli Cherevka, Dan Stokely, David Bar-Or, Philip H. Coelho, and Richard B. Giles (the "Individual Defendants,"[1] and with Ampio, the "Defendants," and collectively with Lead Plaintiffs, the "Parties"), by and through their counsel of record, and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[2] Subject to the approval of the Court and the terms and conditions expressly provided herein, this

---

[1]     While Michael Macaluso was named as a Defendant in the original complaint filed in this action in August 2022, he has since passed away. *See* ECF Nos. 53-56. Defendant Michael Macaluso is not a party to the settlement-in-principle.

[2]     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

**WHEREAS:**

A.      On August 17, 2022, an initial putative securities class action lawsuit was filed in the United States District Court for the District of Colorado ("Court"), captioned *Christopher Kain, Individually and on Behalf of All Others Similarly Situated v. Ampio Pharmaceuticals, Inc., Michael A. Martino, Michael Macaluso, and Holli Cherevka,* Case No. 1:22-cv-02105.  ECF No. 1.

B.      On August 9, 2023, Senior United States District Judge William J. Martínez issued an Order appointing Tao Wang and Synworld Technologies Corporation as Lead Plaintiffs, and Faruqi & Faruqi, LLP, as Lead Counsel.  ECF No. 42.

C.      On October 16, 2023, Lead Plaintiffs filed an amended class action complaint (the "Complaint") with the caption *Tao Wang and Synworld Technologies Corporation, Individually and on Behalf of All Others Similarly Situated v. Ampio Pharmaceuticals, Inc., Michael A. Martino, Michael Macaluso, Holli Cherevka, Dan Stokely, David Bar-Or, Philip H. Coelho, and Richard B. Giles*, Case No. 1:22-cv-02105-WJM-MEH.  ECF No. 57.  The Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants, alleging that Defendants made materially false and misleading statements and omissions.  The Complaint alleged, among other things, that the price of Ampio common stock was artificially inflated during the putative Class

Period as a result of the allegedly false and misleading statements, and declined when the truth was alleged to have been revealed on April 20, 2022, May 16, 2022, and August 3, 2022.

      D.      On November 17, 2023, a joint stipulated and unopposed motion was filed for an extension of time to answer, move, or otherwise respond to the Complaint. ECF Nos. 80-81. In the motion, the parties stated that they "ha[d] discussed potential resolution of the claims herein and have agreed to engage in a mediation with a neutral mediator to occur on or before January 5, 2024, potentially continuing thereafter." *Id.* at 5. On November 20, 2023, Magistrate Judge Michael E. Hegarty issued a Minute Order granting in part the motion in which the deadlines for responding to the Complaint were vacated and the parties were ordered to "jointly file a status report with the Court **within five days** of the Parties or the mediator declaring an impasse in the mediation process or the Parties reaching a resolution, advising the Court of the status of the mediation." ECF No. 82 (emphasis original).

      E.      On January 4, 2024, the Parties participated in a lengthy mediation session, conducted by Robert E. Meyer, Esq., of JAMS, a well-respected and highly experienced mediator and former securities litigator, to explore a potential negotiated resolution of the claims in the Action. The mediation involved an extended discussion about a potential resolution and was preceded by the exchange of mediation statements. As a result of the January 4, 2024, mediation, the Parties reached a settlement-in-principle, subject to certain Confirmatory Discovery (that

would include the production of documents and interviews with Company employees) and Court approval, to settle and release the claims asserted or that could have been asserted in the Action.

F.    On January 9, 2024, the Parties filed a joint status report wherein they informed the Court that they "ha[d] reached a settlement-in-principle to resolve all claims in the above-captioned action."  ECF No. 86.

G.    On or about February 16, 2024, Defendants commenced their production of documents in connection with the Confirmatory Discovery in order to confirm the adequacy of the Settlement.

H.    Lead Plaintiffs, through Lead Counsel, represent that they conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) Defendants' public documents, conference calls and announcements made by Defendants; (ii) United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Ampio; (iii) analysts' reports about Ampio; (iv) information readily obtainable on the internet; (v) the applicable law governing the claims and potential defenses; and (vi) Confirmatory Discovery.

I.    Based upon their investigation, prosecution, and mediation of the Action, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this Action and with the advice of their counsel, Lead Plaintiffs have agreed to settle this Action and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things:  (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the

significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by this Stipulation.

J.    Defendants deny, and continue to deny, each and every one of the claims alleged by Lead Plaintiffs in the Action on behalf of the Settlement Class, including all claims in the complaints filed in the Action. Defendants have asserted and continue to assert that public statements during the putative Class Period contained no material misstatements or omissions, and that at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws. Accordingly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and Released Claims. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

K.    This Stipulation, whether or not consummated, or any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them individually, with respect to any fact or matter alleged in the Action,

or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.

L.      Lead Plaintiffs believe that the claims asserted in the Action have merit.  Lead Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to prosecute this Action and have taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel is mindful of the inherent problems of proof and possible defenses to the claims alleged in the Action.  Based upon their evaluation, Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of the Settlement Class.  This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with

prejudice, and without costs (except as provided in the Stipulation), upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.      "Action" means the civil litigation captioned *Tao Wang and Synworld Technologies Corporation, Individually and on Behalf of All Others Similarly Situated v. Ampio Pharmaceuticals, Inc., Michael A. Martino, Michael Macaluso, Holli Cherevka, Dan Stokely, David Bar-Or, Philip H. Coelho, and Richard B. Giles*, Case No. 1:22-cv-02105-WJM-MEH, pending in the United States District Court for the District of Colorado before the Honorable William J. Martínez.

b.      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

c.      "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund pursuant to the terms of the Court-approved Plan of Allocation.

d.      "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

e.      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-3, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

f.      "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

g.      "Claims Administrator" means Simpluris, the firm retained by Lead Counsel, subject to approval of the Court, to administer the Settlement, including providing all notices approved by the Court to potential Settlement Class Members and processing Proof of Claim Forms.

h.      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

i.      "Class Period" means the period from December 29, 2020, to August 2, 2022, inclusive.

j.      "Company" or "Ampio" means Ampio Pharmaceuticals, Inc.

k.      "Complaint" means the Amended Class Action Complaint and Demand for Jury Trial filed by Lead Plaintiffs in the Action on October 16, 2023.

l.      "Confirmatory Discovery" means the discovery that Lead Counsel undertook for the purpose of confirming the adequacy of the Settlement.

m.      "Court" means the United States District Court for the District of Colorado.

n.      "Defendants" means Ampio Pharmaceuticals, Inc., Michael A. Martino, Holli Cherevka, Dan Stokely, David Bar-Or, Philip H. Coelho, and Richard B. Giles, collectively.

o.      "Defendants' Counsel" means Ballard Spahr LLP, Brownstein Hyatt Farber Schreck, LLP, Pillsbury Winthrop Shaw Pittman LLP, Holland & Hart LLP, Foley & Lardner LLP, and Hilgers Graben PLLC.

p.      "Defendants' Releasees" means Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current, former, or future parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint

ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, shareholders, owners, members, contractors, subcontractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, advisors, investment bankers, underwriters, co-insurers, reinsurers, insurers or assigns, in their capacities as such, as well as each of the Individual Defendants' and Michael Macaluso's Immediate Family members, heirs, trusts, trustees, executors, administrators, personal or legal representatives, estates, beneficiaries, agents, attorneys, accountants, insurers, co-insurers, reinsurers, advisors, and assigns, in their capacities as such.

q.    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

r.    "Escrow Account" means the separate escrow account designated and controlled by the Escrow Agent into which the Settlement Amount shall be deposited for the benefit of the Settlement Class.

s.    "Escrow Agent" means The Huntington National Bank or its successor.

t.    "Escrow Agreement" means the agreement between Lead Counsel, Defendants and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

u.    "Final" means, with respect to the Judgment or, if applicable, the Alternate Judgment, the occurrence of either of the following (whichever is earlier):  (i) if an appeal or review is not sought by any Person from the Judgment or the Alternative Judgment, the day following the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure; or (ii) if an appeal or review is sought by any Person from

the Judgment or Alternate Judgment, the day after such Judgment or Alternative Judgment is no longer subject to further judicial review, including upon appeal or review by a writ of certiorari. Any appeal or proceeding seeking judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the Plan of Allocation (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or Alternative Judgment from becoming Final, however.

       v.      "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any award of reasonable costs and expenses to Lead Plaintiffs pursuant to 15 U.S.C § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

       w.      "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

       x.      "Individual Defendants" means Michael A. Martino, Holli Cherevka, Dan Stokely, David Bar-Or, Philip H. Coelho, and Richard B. Giles.

       y.      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

       z.      "Lead Counsel" means Faruqi & Faruqi, LLP.

       aa.      "Lead Plaintiffs" means Tao Wang and Synworld Technologies Corporation.

       bb.      "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of

Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead
Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

cc.    "Mediator" means Robert A. Meyer, Esq., of JAMS.

dd.    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes;
(ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court;
(iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the
Court.

ee.    "Notice" means the Notice of (I) Pendency of Class Action and Proposed
Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses,
substantially in the form attached hereto as Exhibit A-1, which will be posted on the settlement
website and mailed or emailed to Settlement Class Members upon request.

ff.    "Notice and Administration Costs" means the costs, fees, and expenses that
are incurred in connection with: (i) providing the Notice of the proposed Settlement by mail,
publication, and other means to the Settlement Class; and (ii) administering the Settlement,
including but not limited to the Claims process, which includes receiving and reviewing claims,
applying the Plan of Allocation, communicating with Persons regarding the Settlement and claims
administration process, distributing the Settlement proceeds, as well as the costs, fees, and
expenses incurred in connection with the Escrow Account.

gg.    "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and
the Settlement Class.

hh.    "Person(s)" means any individual, corporation (including all divisions and
subsidiaries), general or limited partnership, association, joint stock company, joint venture,
limited liability company, professional corporation, estate, legal representative, trust,

unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

ii.    "Plaintiffs' Releasees" means (i) Lead Plaintiffs, their attorneys, and all other Settlement Class Members; (ii) affiliates, current and former parents, subsidiaries, successors, predecessors, assigns, executors, administrators, representatives, attorneys, and agents of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

jj.    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund, which shall be substantially in the form set forth in the Notice, or any other plan of distributing the Net Settlement Fund approved by the Court.

kk.    "Postcard Notice" means the postcard notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-2, which is to be mailed to Settlement Class Members.

ll.    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, substantially in the form attached hereto as Exhibit A.

mm.  "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

nn.    "Released Claims" means all Released Defendants' Claims and all Released

Plaintiffs' Claims.

oo.    "Released Defendants' Claims" means all claims and causes of action of

every nature and description, whether known or Unknown Claims, whether arising under federal,

state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation,

at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued

or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct,

representative, class, or individual in nature, that arise out of or relate in any way to the institution,

prosecution, or settlement of the claims against Defendants, which Defendants will release as

against Plaintiffs' Releasees upon the Effective Date.    Released Defendants' Claims shall not

include: (1) any claims relating to the enforcement of the Settlement; or (2) any claims against any

Person or entity who or which submits a request for exclusion from the Settlement Class that is

accepted by the Court.

pp.    "Released Plaintiffs' Claims" means all claims, rights, causes of action,

duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements,

promises, damages and liabilities, of every nature and description, whether known or Unknown

Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign

law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether

foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether

matured or unmatured, whether indirect, representative, direct, class or individual in nature,

whether suspected or unsuspected, whether foreign or domestic, that have been asserted, could

have been asserted or could in the future be asserted against Defendants or any of the Defendants'

Releasees that arise out of or relate in any way to (i) the allegations, transactions, acts, facts, events,

matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this

Action, and (ii) the purchase, acquisition, sale or disposition of Ampio common stock during the

Class Period.  The following claims are explicitly excluded from release: (1) all claims related to

the enforcement of the Settlement; and (2) any claims of any Person or entity who or which submits

a request for exclusion from the Settlement that is accepted by the Court.

        qq.    "Releasee(s)" means each and any of the Defendants' Releasees and each

and any of the Plaintiffs' Releasees.

        rr.    "Releases" means the releases set forth in ¶¶ 5-7 of this Stipulation.

        ss.    "Settlement" means the resolution of the Action in accordance with the terms

and provisions set forth in this Stipulation.

        tt.    "Settlement Amount" means the total principal amount of three million U.S.

Dollars ($3,000,000.00) in cash.

        uu.    "Settlement Class" means all persons or entities who purchased or otherwise

acquired Ampio common stock during the Class Period and were damaged thereby.  Excluded

from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of any

Individual Defendant; (iii) all subsidiaries and affiliates of Ampio and the current and former

directors and officers of Ampio or any of its subsidiaries or affiliates; (iv) any firm, trust,

partnership, corporation, or entity in which any Defendant has a controlling interest; (v) the legal

representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded

parties; and (vi) any persons or entities who properly exclude themselves by filing a valid and

timely request for exclusion.

        vv.    "Settlement Class Member" means a Person who is a member of the

Settlement Class.

ww.   "Settlement Fund" means the Settlement Amount plus any and all interest and accretions earned thereon while in the Escrow Account.

xx.   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

yy.   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-4, to be published as set forth in the Preliminary Approval Order.

zz.   "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

aaa.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or

territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, any of Plaintiffs' Releasees, Defendants, or any of Defendants' Releasees may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## CLASS CERTIFICATION

2.    Solely for purposes of the Settlement, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiffs as

Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class

Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.        Within five (5) business days of execution of this Stipulation, Lead Plaintiffs will

move for preliminary approval of the Settlement, authorization to provide notice of the Settlement

to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the

Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for

preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to,

entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.        The obligations incurred pursuant to this Stipulation are (a) subject to approval by

the Court, and the Judgment (or Alternative Judgment) reflecting such approval becoming Final;

and (b) in consideration of the full and final disposition of the Action with respect to the Releasees

and any and all Released Claims provided for herein.

5.        Pursuant to the Judgment (or the Alternate Judgment, if applicable), without further

action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other

Settlement Class Members, on behalf of themselves, and their respective heirs, executors,

administrators, predecessors, successors, and assigns, in their capacities as such, or any other

Person claiming through any of them, shall be deemed to have, and by operation of law and of the

judgment shall have, fully, finally, and forever compromised, settled, released, resolved,

relinquished, waived, and discharged each and every Released Plaintiffs' Claim against

Defendants and the Defendants' Releasees, and shall forever be barred, enjoined, and precluded

from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.

6.      Pursuant to the Judgment (or the Alternate Judgment, if applicable), without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment (or the Alternate Judgment, if applicable) shall bar any action by any of the Parties to enforce or effectuate the terms of this Settlement, including the Stipulation or the Judgment (or Alternate Judgment, if applicable).

## THE SETTLEMENT CONSIDERATION

8.      In exchange for the full and Final settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Ampio and/or Defendants' insurers shall pay or cause to be paid the Settlement Amount into the Escrow Account within twenty (20) business days of the later of:  (1) the date of entry of the Preliminary Approval Order; or (2) Lead Counsel having provided to Defendants' Counsel at Ballard Spahr LLP (a) a Form W-9 for the Escrow Account, (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form, and (c) all required wire and check funding instructions and information including payee name, telephone and e-mail contact information and a physical address for the Escrow Agent.  If the Settlement Amount is not timely paid to the Escrow Agent, and is not subject to a

good faith dispute between the Parties as to whether the Settlement Amount is due, Lead Plaintiffs may terminate the Settlement, but only if (a) Lead Counsel has notified Defendants' Counsel in writing of Lead Plaintiffs' intention to terminate the Settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) business days after Lead Counsel has provided such written notice.  If there is a dispute as to whether the Settlement Amount is due into the Escrow Account, any such dispute shall be resolved by the Mediator in accordance with ¶ 60 herein.

9.    The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees to Lead Counsel, administrative costs, expenses, Settlement Class Member benefits, Lead Plaintiffs' awards, reimbursement of Lead Plaintiffs' time and expenses pursuant to the PSLRA, as well as any other costs, expenses, or fees of any kind whatsoever associated with this Action, the Settlement, or the resolution of this matter. Defendants shall bear their own costs and expenses in connection with the Settlement, including costs, expenses, and fees of their counsel; the costs of providing their transfer records for purposes of notice (*see* ¶ 20 below); and the costs of providing notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b) (*see* ¶ 21 below).

10.    Other than the all-in Settlement Amount as described in ¶ 9, Defendants (and Defendants' Releasees) shall have no obligation to make any other payments, including into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

## USE OF SETTLEMENT FUND

11.    The Settlement Fund shall be used to pay or reimburse: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The

balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-31 below.

12.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  At the written direction of Lead Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

13.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  The Claims Administrator shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants and Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  The Claims Administrator, as administrator of the

Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

14.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by the Claims Administrator and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants and Defendants' Releasees shall have no responsibility or liability for the acts or omissions of the Claims Administrator or their agents with respect to the payment of Taxes, as described herein.

15.     The Settlement is not a claims-made settlement.  After the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever.  The Defendants and Defendants' Releasees shall not be responsible or liable for the loss of any portion of the Settlement Fund, nor shall they have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund, including those in ¶ 11.

16.     Notwithstanding that the Effective Date has not yet occurred, Lead Counsel may pay from the Escrow Account the actual Notice and Administration Costs and Taxes, which shall

not exceed $75,000 (the "Notice Amount"), without further order of the Court.  For the avoidance of doubt, the Notice Amount is part of the Settlement Amount.  The Notice and Administration Costs will be advanced by the Claims Administrator and paid from the Escrow Account following final approval.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.    Lead Counsel will apply to the Court for an award of attorneys' fees incurred in prosecuting the Action to be paid solely from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement or payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

18.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel promptly after entry of the Order awarding such attorneys' fees and expenses and entry of the Judgment, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement does not become Final or if, as a result of any appeal or further proceedings, the award of attorneys' fees and/or expenses is reduced or reversed and such order becomes Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after receiving from Defendants' counsel or from a court of competent jurisdiction notice of any such reduction of the award of attorneys' fees and/or Litigation Expenses by a non-appealable order or termination

of the Settlement. The procedure for and the allowance or disallowance by the Court of any attorneys' fees or Litigation Expenses are not part of the Settlement set forth in this Stipulation and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on Defendants to increase the compensation paid in connection with the Settlement. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality of the Settlement, the Judgment, or the Releases provided herein.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. With the sole exception of Defendants' obligation to pay (or cause to be paid) the Settlement Amount into the Escrow Account as provided for in ¶ 8, none of the Defendants, nor any other Defendants' Releasees, shall have any responsibility for, interest in, authority, or liability whatsoever with respect to: (i) the selection of the Claims Administrator; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (iii) the Plan of Allocation; (iv) the management, investment, or disbursement of the Settlement Fund; (v) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any

Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

20.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the settlement website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Ampio shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, addresses, and e-mail addresses (if available)) of holders of Ampio's publicly traded common stock during the Class Period, to the extent that information is available to Ampio from its transfer agent.

21.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under CAFA § 1715.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, of compliance with CAFA § 1715(b).

22.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share

of the Net Settlement Fund based upon each Authorized Claimant's recognized Claim compared to the total recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

23.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasee, shall have any involvement with or liability, obligation, or responsibility whatsoever for the Plan of Allocation or the application of the Court-approved plan of allocation.

24.     Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will (and any Person claiming through any Settlement Class Member will) otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants or Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or

technical defects in any Claims submitted in the interests of achieving substantial justice. No Defendant nor any other Defendants' Releasees shall have any involvement in the administrative decisions of the Claims Administrator or Lead Counsel with respect to the Claims received in connection with the Settlement.

26.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each Claimant shall be required to submit a Claim, substantially in the form attached hereto as Exhibit A-3, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable; and

b.    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date (and any Person claiming through such Settlement Class Member) shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants or Defendants' Releasees with respect to any Released Plaintiffs' Claim. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for

processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action (including any discovery from Defendants) or of the Settlement in connection with the processing of Claims.

28.     Lead Counsel will apply to the Court for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants and the Settlement Class. All Settlement Class Members whose Claims are not approved by the Court for payment (and any Person claiming through such Settlement Class Member) shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from

bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

30.    No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, Defendants, Defendants' Counsel, or Defendants' Releasees, or any other agent designated by Lead Counsel, Defendants, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

32.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**CONDITIONS OF SETTLEMENT AND EFFECT OF**
**DISAPPROVAL, CANCELLATION, OR TERMINATION**

33.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

        a.     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

        b.     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

        c.     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

        d.     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment;

        e.     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above; and

        f.     the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

34.     Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation and the Settlement is thereafter terminated on that basis; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation and the Settlement is

thereafter terminated on that basis; (iii) the Court or an appellate court with jurisdiction over any appeal of the Judgment or Alternate Judgment, if applicable, disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise does not occur because a condition set forth in ¶ 33 fails, then:

a.     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

b.     Lead Plaintiffs and Defendants shall revert to their respective litigation positions in the Action on January 3, 2024, and the Parties shall jointly file a status report with the Court to reinstate the deadlines set forth in the Honorable Michael E. Hegarty's Minute Order of November 20, 2023, including but not limited to that "Defendants shall answer, move, or otherwise respond to the amended complaint within **forty-five (45) days** of the filing of the status report" and "[i]f Defendants file motions to dismiss, Lead Plaintiffs' responses to Defendants' motion(s) shall be filed within **forty-five (45) days** thereafter, and Defendants' replies shall be filed within **thirty (30) days** thereafter."  ECF No. 82 (emphasis original).

c.     Neither Lead Plaintiffs nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action, and Lead Plaintiffs and Lead Counsel shall not use or rely on any statement, document, or information provided to Lead Plaintiffs or Lead Counsel in connection with Confirmatory Discovery; and

d.     The terms and provisions of this Stipulation, with the exception of ¶¶ 16, 18, 35, 36, 37, and 59, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment (or Alternate

Judgment, if applicable), or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

       e.     Within ten (10) business days of an event that causes the Effective Date not to occur, Lead Plaintiffs shall direct that the Settlement Fund (including accrued interest thereon), less expenses paid, incurred or due and owing consistent with this Stipulation, including Taxes paid or due, Notice and Administration Costs actually incurred and paid or payable, and escrow fees and costs if any, shall be refunded by the Escrow Agent to the Defendant or insurer(s) who funded the Settlement Fund.  In the event that funds were received by Lead Counsel consistent with ¶ 18 above and were not refunded to the Settlement Fund within the ten (10) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the Defendant or insurer(s) who funded the Settlement Fund immediately upon their deposit into the Escrow Account by Lead Counsel consistent with ¶ 18 above.

       36.     If one of the following subparts in this ¶ 36 occurs, then it is further stipulated and agreed that any of the Defendants or Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation, by providing written notice of its, his, her or their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of such event, in which case the provisions of ¶ 35 above shall apply:  (a) Class Members holding a certain percentage of the shares outstanding during the Class Period or whose claims total a certain dollar amount, with both percentage and dollar amount previously agreed to in writing by the Parties, opt out of the Settlement by filing valid exclusions within the opt out period; (b) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (c) the Court's final refusal to approve the Settlement or any material part thereof; (d) the Court's final refusal to enter the Judgment (or Alternate Judgment) in any material respect as to the Settlement; (e) the Judgment

is modified or reversed in any material respect by an order from the United States Court of Appeals for the Tenth Circuit or the United States Supreme Court; or (f) the Alternate Judgment, if applicable, is modified or reversed in any material respect by an order from the United States Court of Appeals for the Tenth Circuit or the United States Supreme Court. For the avoidance of doubt, however, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

## NO ADMISSION OF WRONGDOING

37.     This Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits hereto, and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), and any discussion, communication, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, or any matter arising in connection with settlement discussions, mediations, negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than to enforce the terms of the Stipulation or the Settlement, and in particular:

a.     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs, or the validity or infirmity of any claim that was or could have been asserted in this Action or in any other litigation, including but not limited to Released Plaintiffs' Claims, or of any liability,

negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants'

Releasees or any other person or entity whatsoever; do not constitute, and shall not be offered or

received against or to the prejudice of Defendants or Defendants' Releasees as evidence of a

presumption, concession, or admission of any fault, misrepresentation, or omission with respect to

any statement or written document approved or made by Defendants or Defendants' Releasees, or

against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as

evidence of any infirmity in the Lead Plaintiffs' claims, or the other members of the Settlement

Class;

    b.  do not constitute, and shall not be offered or received against or to the

prejudice of Defendants, Defendants' Releasees, Lead Plaintiffs, any other member of the

Settlement Class, or their respective counsel, as evidence of a presumption, concession, or

admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in

any way referred to for any other reason against or to the prejudice of any of the Defendants,

Defendants' Releasees, Lead Plaintiffs, other members of the Settlement Class, or their respective

counsel, in any other arbitral, civil, criminal, or administrative action or proceeding, other than

such proceedings as may be necessary to effectuate the provisions of this Stipulation;

    c.  do not constitute, and shall not be offered or received against or to the

prejudice of any of the Lead Plaintiffs' or Plaintiffs' Releasees, as evidence of, or construed as, or

deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs'

Releasees that any of their claims are without merit, that any of the Defendants' Releasees had

meritorious defenses, or that damages recoverable under the Complaint would not have exceeded

the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any

kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in

any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; and

        d.     do not constitute, and shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it it to effectuate the protections from liability, including releases and bars, granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

38.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

39.     Ampio warrants, as to the payments made or to be made on behalf of itself, that at the time of entering into this Stipulation and at the time of such payment it, or to the best of its knowledge any Persons or entities contributing to the payment of the Settlement Amount, was not insolvent, nor will the payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.

40.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the

Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants

shall jointly move the Court to vacate and set aside the Releases given and the Judgment or

Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant

to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable,

shall be null and void, and the Parties shall be restored to their respective positions in the litigation

as provided in ¶ 35(b) above and any cash amounts in the Settlement Fund (less any Taxes paid,

due or owing with respect to the Settlement Fund and less any Notice and Administration Costs

actually incurred, paid or payable) shall be returned as provided in ¶ 35(e) above.

41.     The Parties intend this Stipulation and the Settlement to be a final and complete

resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other

Settlement Class Members against the Defendants or Defendants' Releasees with respect to the

Released Plaintiffs' Claims.  Lead Plaintiffs and Defendants agree that each has complied fully

with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment

will contain a statement to reflect this compliance.  The Parties agree that the amounts paid and

the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties,

including through a mediation process supervised and conducted by Robert E. Meyer, Esq., and

reflect the Settlement was reached voluntarily after extensive negotiations and consultation with

experienced legal counsel, who were fully competent to assess the strengths and weaknesses of

their respective clients' claims or defenses.

42.     The Parties agree that except as expressly provided herein, or as may otherwise be

required by law (including in the Company's public disclosures and filings with the U.S. Securities

and Exchange Commission), in response to any media inquiry regarding the fact of settlement or

the terms of the Settlement, or regarding the amount of any payments made or claims released

pursuant to the Settlement, the Parties shall state only that the matter was resolved through settlement and shall provide no further comment, explanation, or description of the Settlement, other than a statement that the Settlement is in the best interests of the Parties, the terms of which are publicly available.  In addition, pending final settlement approval, each of the Parties shall not directly or indirectly, individually or in concert with others, engage in any conduct or make, or cause to be made, any statement, observation, or opinion, or communicate any information (whether oral or written) that is calculated to or is likely to have the effect of in any way as to the other Party:  (i) undermining, defaming, or otherwise in any way reflecting adversely or detrimentally upon Lead Plaintiffs, Defendants, Defendants' Releasees, or any of Ampio's current and former directors, officers, employees, representatives, or affiliates; or (ii) accusing or implying that Lead Plaintiffs, Defendants, Defendants' Releasees, or any of Ampio's current and former directors, officers, employees, representatives, or affiliates engaged in any wrongful, unlawful, or improper conduct.

43.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

44.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other

plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

46.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.    This Stipulation and its exhibits constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Settlement other than those contained and memorialized in such documents.

48.    This Stipulation may be executed in one or more counterparts, including by signature transmitted electronically via a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

50.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.    The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate the Settlement shall be governed by the internal laws of Delaware without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, with a copy sent via email transmission, or alternatively, upon email transmission, with confirmation of receipt and such confirmation shall not be unreasonably withheld.  Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:    Faruqi & Faruqi LLP
Attn:  James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Fax: (212) 983-9331
Email: jwilson@faruqilaw.com

If to Defendants:

Ballard Spahr LLP
Attn: Patrick G. Compton
M. Norman Goldberger
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Telephone: 303.454.0521
Email: comptonp@ballardspahr.com

*Attorneys for Defendants Ampio
Pharmaceuticals, Inc., and Michael A.
Martino*

*and*

Brownstein Hyatt Farber Schreck LLP
Attn: Emily R. Garnett
675 15th Street
Suite 2900
Denver, CO 80202
Telephone: 303.223-1171
Email: egarnett@bhfs.com

*Attorneys for Defendant Holli Cherevka*

*and*

Pillsbury Winthrop Shaw Pittman LLP
Attn: David Oliwenstein
31 West 52nd Street
New York, NY 10019
Telephone: 212.851.1031
Email: david.oliwenstein@pillsburylaw.com

*Attorneys for Defendant Dan Stokely*

*and*

Holland & Hart LLP
Attn: Brian Neil Hoffman
555 17th Street, Suite 3200
Denver, CO 80201
Telephone: 303.295.8000
Email: bnhoffman@hollandhart.com

*Attorneys for Defendant David Bar-Or*

*and*

Foley & Lardner LLP

Attn: Thomas J. Krysa

1400 16th Street, Suite 200
Denver, CO 80202
Telephone: 720.437.2000
Email: tkrysa@foley.com

*Attorneys for Defendant Philip H. Coelho*

*and*

HILGERS GRABEN PLLC
Attn: Scott F. Mascianica
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230
Telephone: 945.219.3781
Email: SMascianica@hilgersgraben.com

*Attorneys for Defendant Richard B. Giles*

57.    Except as otherwise provided herein, each Party shall bear its own costs.

58.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all private and confidential settlement discussions, negotiations, draft settlement agreements and any related documents, and mediation submissions and communications that occurred in connection with the Stipulation confidential.

59.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.    If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself, those disputes will be resolved by Robert E. Meyer, Esq., first by way of telephonic or video mediation and, if unsuccessful, then by way of final, binding, non-appealable resolution.

61.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.

Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 13, 2024.

**FARUQI & FARUQI, LLP**

By:      */s/ James M. Wilson, Jr.*
         James M. Wilson, Jr.
         685 Third Avenue, 26th Floor
         New York, NY 10017
         Telephone: 212-983-9330
         Facsimile: 212-983-9331
         Email:   jwilson@faruqilaw.com

*Attorneys for Lead Plaintiffs Tao Wang and SynWorld Technologies Corporation*

**BALLARD SPAHR LLP**

By:      */s/ Patrick G. Compton*
         Patrick G. Compton
         M. Norman Goldberger
         1225 17th Street, Suite 2300
         Denver, CO 80202-5596
         Telephone: 303.454.0521
         Email:  comptonp@ballardspahr.com
                 goldbergerm@ballardspahr.com
*Attorneys for Defendants Ampio Pharmaceuticals, Inc. and Michael A. Martino*

**BROWNSTEIN HYATT FARBER SCHRECK LLP**

By:      */s/ Emily R. Garnett*
         Emily R. Garnett
         675 15th Street
         Suite 2900
         Denver, CO 80202
         Telephone: 303.223-1171
         Email: egarnett@bhfs.com

*Attorneys for Defendant Holli Cherevka*

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:      */s/ David Oliwenstein*
         David Oliwenstein
         31 West 52nd Street
         New York, NY 10019
         Telephone: 212.851.1031
         Email:
         david.oliwenstein@pillsburylaw.com

*Attorneys for Defendant Dan Stokely*

**HOLLAND & HART LLP**

By:     */s/ Alexandria E. Pierce*
        Alexandria E. Pierce
        Brian Neil Hoffman
        Michael James Carrigan
        555 17th Street, Suite 3200
        Denver, CO 80201
        Telephone: 303.295.8000
        Email:  aepierce@hollandhart.com
                bnhoffman@hollandhart.com
                mcarrigan@hollandhart.com

        *Attorneys for Defendant David Bar-Or*

**FOLEY & LARDNER LLP**

By:     */s/ Thomas J. Krysa*
        Thomas J. Krysa
        1400 16th Street, Suite 200
        Denver, CO 80202
        Telephone: 720.437.2000
        Email: tkrysa@foley.com

        *Attorneys for Defendant Philip H.
        Coelho*

**HILGERS GRABEN PLLC**

By:     */s/ Scott F. Mascianica*
        Scott F. Mascianica
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230
Telephone:  945.219.3781
Email: SMascianica@hilgersgraben.com

*Attorneys for Defendant Richard B. Giles*

31658559_v2