# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| TAO WANG and SYNWORLD TECHNOLOGIES CORPORATION, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>AMPIO PHARMACEUTICALS, INC.<br>MICHAEL A. MARTINO,<br>MICHAEL MACALUSO,<br>HOLLI CHEREVKA,<br>DAN STOKELY<br>DAVID BAR-OR,<br>PHILIP H. COELHO, and<br>RICHARD B. GILES<br><br>Defendants. | Case No. 1:22-CV-02105-WJM-MEH<br><br>**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** |

**If you purchased or otherwise acquired Ampio's common stock between December 29, 2020 and August 2, 2022, inclusive, and were damaged thereby, then you may be entitled to a payment from a class action settlement.[1]**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The purpose of this notice (the "Notice") is to inform you of the pendency of the securities class action in United States federal court (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) whether Lead Counsel's Fee and Expense Application should be approved. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.

- On _____, the Court preliminarily approved the Settlement. If given final approval by the Court, the proposed Settlement will create a $3,000,000 Settlement Fund, plus any interest or income earned thereon, for the benefit of eligible Settlement Class Members, less any attorneys' fees, expenses, and costs awarded by the Court, Notice and Administration Expenses, and Taxes.

- This Settlement resolves claims by Tao Wang and SynWorld Technologies Corporation, Lead Plaintiffs in the Action ("Lead Plaintiffs"), individually and on behalf of each member of the Settlement Class, against Ampio Pharmaceuticals, Inc. ("Ampio"), and Michael A. Martino, Holli Cherevka, Dan Stokely, David Bar-Or, Philip H. Coelho, and Richard B. Giles (the "Individual Defendants,"[2] with Ampio, the "Defendants," and collectively with Lead Plaintiffs, the "Parties"). Defendants deny all allegations of misconduct. The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- Attorneys for Lead Plaintiffs will ask the Court for 28% of the Settlement Fund and up to $75,000 in reimbursement for expenses incurred in prosecuting this lawsuit. Lead Counsel also intends to ask the Court to grant Lead Plaintiffs an award of up to $5,000 for reasonable costs and expenses (including lost wages) directly relating to their representation of the class. If approved by the Court, these amounts (totaling

---

[1]    All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement dated May 13, 2024 (the "Stipulation").

[2]    While Michael Macaluso was named as a Defendant in the original Complaint, on September 20, 2023, a Suggestion of Death of Defendant Michael Macaluso and an Amended Motion to Withdraw as Attorney for Defendant Michael Macaluso were filed. ECF Nos. 53-55. On September 27, 2023, United States Magistrate Judge Michael E. Hegarty issued a Minute Order granting the Amended Motion to Withdraw as Counsel for Defendant Michael Macaluso. ECF No. 56. Defendant Michael Macaluso did not participate in negotiation of the settlement-in-principle.

approximately $0.007 per allegedly damaged share) will be paid from the Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses, Administrative costs,[3] and Lead Plaintiffs' costs and expenses (if approved by the Court), is $0.015 per share).

- **Your legal rights are affected whether you act or do not act.  Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY** _____ | The only way to get a payment.  *See* Question 9 below for details. |
| **EXCLUDE YOURSELF BY** _____ | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties (as defined below) concerning the Released Claims (as defined below).  *See* Question 12 below for details. |
| **OBJECT BY** _____ | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and payment of expenses, and/or an award of reasonable costs and expenses to Lead Plaintiffs.  If you object, you will still be a member of the Settlement Class.  *See* Question 16 below for details. |
| **GO TO A HEARING ON _____ AND FILE A NOTICE OF INTENTION TO APPEAR BY** | Ask to speak in Court about the Settlement at the Settlement Hearing.  *See* Question 20 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. *See* Question 21 below for details. |

- These rights and options - **and the deadlines to exercise them** - are explained in this

---

[3]     The estimated notice and claims administration costs for this Settlement, which shall be paid from the Settlement Fund, are $45,392.  The cost is only an estimate, however, as the administration has not fully commenced as of the date of this Notice.  Based upon the estimate, the notice and administration costs per share would be approximately $0.0003.

notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms if the Court approves the Settlement and any appeals are resolved and do not reverse the Settlement approval.  Please be patient.

## SUMMARY OF THE NOTICE

### Statement of Plaintiffs' Recovery

Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Action in its entirety.  Pursuant to the proposed Settlement, a Settlement Fund consisting of $3 million in cash (the "Settlement Amount"), plus any accrued interest or earnings thereon (the "Settlement Fund"), has been established.

### Estimated Average Amount of Recovery Per Share

Based on Lead Plaintiffs' consulting damages expert's analysis, it is estimated that if Settlement Class Members submit claims for 100% of Ampio common stock entitled to participate in the Settlement, the estimated average recovery per share would be $0.02 per share before deduction of Court-approved fees and expenses, and approximately $0.015 per share after Court-approved fees and expenses are deducted.  Please note, however, that these average recovery amounts are only estimates and an individual Settlement Class Member may recover more or less than these estimated amounts.  As described more fully below in the Plan of Allocation beginning on page 15, an individual Settlement Class Member's actual recovery will depend on several factors, including: (a) the total number of claims submitted; (b) the amount of the Net Settlement Fund; (c) when the Settlement Class Member purchased his, her, or its Ampio stock; and (d) whether and when the Settlement Class Member sold his, her, or its Ampio stock.

### Statement of Potential Outcome of the Case if the Action Continued to be Litigated

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against Defendants.  The issues on which the Parties disagree include, for example: (i) whether the statements made or facts allegedly omitted were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) the causes of the loss in the value of the stock; and (iii) the amount of alleged damages, if any, that could be recovered at trial.

Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class Members have suffered any loss attributable to Defendants' actions.  While Lead Plaintiffs believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

3

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel will apply to the Court for attorneys' fees of 28% of the Settlement Fund, which includes any accrued interest or earnings thereon. Lead Counsel has not received any payment for their services rendered or expenses incurred in conducting this Action on behalf of Lead Plaintiffs and the Settlement Class. Lead Counsel will also apply for payment of expenses incurred by Lead Counsel in prosecuting the Action of up to $75,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses of Lead Plaintiffs of up to $5,000 directly relating to their representation of the Settlement Class. Collectively, these applications are referred to as the "Fee and Expense Application." If approved by the Court, these amounts (totaling approximately $0.006 per share, assuming claims are filed for all shares eligible to participate in the Settlement) will be paid from the Settlement Fund.

**Reasons for the Settlement**

For Lead Plaintiffs, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the operative complaint; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions to dismiss or motions for summary judgment to be filed by Defendants; the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Legal Representatives**

Lead Plaintiffs and the Settlement Class are represented by Faruqi & Faruqi, LLP, Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to James M. Wilson, Jr. at Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017, (212) 983-9330, jwilson@faruqilaw.com.

## BASIC INFORMATION

| 1.  Why did I get the Postcard Notice? |
| --- |

You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Ampio common stock between December 29, 2020, and August 2, 2022, inclusive. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of the Postcard Notice does not mean that you are a Member of

the Settlement Class or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you are required to submit the Claim Form available on the settlement website, www.** AmpioSecuritiesSettlement**.com.**

The court directed this Notice be made available to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

The Court in charge of the case is the United States District Court for the District of Colorado, and the Action is known as *Tao Wang and SynWorld Technologies Corp. v. Ampio Pharmaceuticals, Inc., et al.*, No. 1:22-CV-02105-WJM-MEH (D. Colo.).

| 2. What is a class action? |
| --- |

In a class action, one or more plaintiffs, called lead plaintiffs or class representatives, sue on behalf of people who have similar claims. The individuals and entities on whose behalf the class representative is suing are known as class members. One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

| 3. What is this case about and what has happened so far? |
| --- |

This is a federal securities class action lawsuit.

Ampio is an early-stage pharmaceutical company based in Englewood, Colorado, USA. Lead Plaintiffs allege that during the Class Period, Defendants made materially false and/or misleading statements regarding its commercial drug candidate Ampion®, as alleged in the Amended Class Action Complaint ("AC").

On August 17, 2022, an initial putative securities class action lawsuit was filed in the United States District Court for the District of Colorado ("Court"), captioned *Christopher Kain v. Ampio Pharmaceuticals, Inc., et al.*, Case No. 1:22-cv-02105. ECF No. 1. On August 9, 2023, Senior United States District Judge William J. Martínez issued an Order appointing Tao Wang and SynWorld Technologies Corporation as Lead Plaintiffs, and Faruqi & Faruqi, LLP, as Lead Counsel. ECF No. 42.

On October 16, 2023, Lead Plaintiffs filed an amended class action complaint (the "Complaint"), ECF No. 57, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against Defendants, alleging that Defendants made materially false and misleading statements and omissions. The Complaint alleged, among other things, that the price of Ampio common stock was artificially inflated during the putative Class Period as a result of the allegedly false and misleading statements, and

declined when the truth was alleged to have been revealed on April 20, 2022, May 16, 2022, and August 3, 2022.

On November 17, 2023, a joint stipulated and unopposed motion was filed for an extension of time to answer, move, or otherwise respond to the Complaint in light of the Parties' agreement to mediate. ECF Nos. 80-81. Magistrate Judge Michael E. Hegarty granted the motion in part and ordered the Parties to "jointly file a status report with the Court within five days of the Parties or the mediator declaring an impasse in the mediation process or the Parties reaching a resolution, advising the Court of the status of the mediation." ECF No. 82.

On January 4, 2024, the Parties participated in a mediation session, conducted by Robert E. Meyer, Esq., of JAMS. During the mediation, the Parties reached an agreement-in-principle, subject to certain Confirmatory Discovery and Court approval, to settle and release the claims asserted against Defendants in the Action.

On or about February 16, 2024, Defendants commenced their production of documents in connection with the Confirmatory Discovery to allow Lead Plaintiffs to confirm the adequacy of the Settlement.

| **4.  How and when was the Settlement reached?** |
|---|

The Parties engaged Robert E. Meyer, Esq., of JAMS (the "Mediator"), a well-respected and highly experienced mediator and former securities litigator, to explore a potential negotiated resolution of the claims in the Action. The mediation involved an extended discussion about a potential resolution, and was preceded by the exchange of mediation statements. During the January 4, 2024 mediation, the Parties reached an agreement-in-principle, subject to certain Confirmatory Discovery and Court approval, to settle and release the claims asserted against Defendants in the Action in exchange for a lump sum cash payment of $3,000,000. The Parties thereafter negotiated the terms of the final settlement Stipulation. The Stipulation (together with its exhibits) constitutes the final and binding agreement between the Parties.

The Settlement was reached after arm's-length negotiations between Lead Counsel and counsel for Defendants, and only after: (a) Lead Counsel conducted a lengthy investigation into the facts alleged in the Action, which included an investigation by a private investigator; (b) Lead Counsel drafted the amended complaint; (c) Lead Counsel researched the applicable law with respect to the claims against Defendants and the potential defenses thereto; (d) Lead Counsel consulted with a damages expert; (e) the Parties exchanged detailed mediation statements and exhibits; (f) the Parties conducted a mediation and engaged in settlement negotiations; and (g) Lead Counsel reviewed thousands of pages of discovery that Defendants provided following the mediation to gauge the strengths and weaknesses of the Action and Defendants' potential defenses thereto to make sure that the Settlement Amount was fair, reasonable, and adequate.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5.   How do I know if I am a part of the Settlement? |
|---|

Subject to certain exceptions identified below, everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired Ampio common stock between December 29, 2020, and August 2, 2022, inclusive, and who suffered damages thereby.

Receipt of the Postcard Notice does not mean that you are a Settlement Class Member. **The Parties do not have access to your transactions in Ampio stock.** Please check your records or contact your broker to see if you are a member of the Settlement Class.

| 6.   Are there exceptions to being included? |
|---|

Yes.  There are some individuals and entities that are excluded from the Class by definition.  Excluded from the Settlement Class are (i) Defendants; (ii) members of the immediate family of each of the Individual Defendants; (iii) all subsidiaries and affiliates of Ampio and the current and former directors and officers of Ampio and its subsidiaries or affiliates; (iv) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties.

Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the requirements explained in Question 12 below.

| 7.   What if I am still not sure if I am included? |
|---|

If you are still not sure whether you are included, you can ask for free help by calling 1-833-602-5027 or visiting www. AmpioSecuritiesSettlement.com.  You can also fill out and submit the Claim Form described on pages 7-8, in Question 9, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8.   What does the Settlement provide? |
|---|

In exchange for the Settlement and release of the Released Claims against the Released

Defendant Parties, Defendants have agreed to create a $3 million cash fund for the Settlement Class.  After deductions for Court-awarded fees, expenses, and costs, settlement administration costs, and any applicable Taxes, the balance of the Settlement Fund (the "Net Settlement Fund") will be distributed *pro rata* pursuant to the "Plan of Allocation" among all Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

The Plan of Allocation, which is subject to Court approval, is discussed in more detail on pages 15-22 of this Notice.

| **9.  How can I receive payment?** |
| --- |

To qualify for a payment, you must submit a timely and valid Claim Form with supporting documents.  A Claim Form has been made available on the website dedicated to the Settlement: www. AmpioSecuritiesSettlement.com.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (833) 602-5027.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator or submit it through email to info@ AmpioSecuritiesSettlement.com, so it is postmarked (or received if sent via email) no later than _____.

If you have large numbers of transactions, you may request, or may be requested to, submit information regarding your transactions in electronic files.  If you wish to submit your transaction data electronically, you must contact the Claims Administrator at info@ AmpioSecuritiesSettlement.com or visit their website at www. AmpioSecuritiesSettlement.com to obtain the required file layout.  You must still timely submit a signed Claim Form by mail, or email, as specified above.

No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.  All claimants MUST timely submit a signed Claim Form to be potentially eligible for a payment from this Settlement.

| **10. When will I receive my payment?** |
| --- |

The Court will hold the Settlement Hearing on _____, to decide whether to approve the Settlement in the Action.  If the Court approves the Settlement, there may be appeals after that.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Claim Forms to be processed.  Please be patient.

| **11. What am I giving up to receive a payment or stay in the Settlement Class?** |
| --- |

If you are a Settlement Class Member, unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Released Plaintiffs' Claims" (as defined below) against the "Defendants' Releasees" (as defined below).

"Released Plaintiffs' Claims" means all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether indirect, representative, direct, class or individual in nature, whether suspected or unsuspected, whether foreign or domestic, that have been asserted, could have been asserted or could in the future be asserted against Defendants or any of the Defendants' Releasees that arise out of or relate in any way to (i) the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this Action, and (ii) the purchase, acquisition, sale or disposition of Ampio common stock during the Class Period. The following claims are explicitly excluded from release: (1) all claims related to the enforcement of the Settlement; and (2) any claims of any Person or entity who or which submits a request for exclusion from the Settlement that is accepted by the Court.

"Defendants' Releasees" means Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current, former, or future parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, shareholders, owners, members, contractors, subcontractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, advisors, investment bankers, underwriters, co-insurers, reinsurers, insurers or assigns, in their capacities as such, as well as each of the Individual Defendants' and Michael Macaluso's Immediate Family members, heirs, trusts, trustees, executors, administrators, personal or legal representatives, estates, beneficiaries, agents, attorneys, accountants, insurers, co-insurers, reinsurers, advisors, and assigns, in their capacities as such.

"Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, which Defendants will release as against Plaintiffs' Releasees upon the Effective Date. Released Defendants' Claims shall not include: (1) any claims relating to the enforcement of the Settlement; or (2) any claims against any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

"Plaintiffs' Releasees" means (i) Lead Plaintiffs, their attorneys, and all other Settlement

Class Members; (ii) affiliates, current and former parents, subsidiaries, successors, predecessors, assigns, executors, administrators, representatives, attorneys, and agents of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

"Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, any of Plaintiffs' Releasees, Defendants, or any of Defendants' Releasees may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

The "Effective Date" will occur when the Court has entered the Preliminary Approval Order; Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of the Stipulation; Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of the Stipulation; the Court has approved the Settlement described in the Stipulation, following notice to the Settlement Class and a hearing, as prescribed

by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment; the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 of the Stipulation; and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final..

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you. You will be bound by the releases whether or not you submit a Claim Form and/or receive a payment under the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be eligible to receive a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants' Releasees on your own, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out" of the Settlement Class. **Please note: If you decide to exclude yourself and bring your own claims, Defendants will have the right to seek their dismissal, and there is a risk that any lawsuit you file or have already filed to pursue claims alleged in the Action may be dismissed.**

| **12. How do I exclude myself from the Settlement Class?** |
| --- |

To exclude yourself from the Settlement Class, you must send an email or signed letter by mail stating that you request to be "excluded from the Settlement Class and do not wish to participate in the settlement in *Tao Wang and SynWorld Technologies Corp. v. Ampio Pharmaceuticals, Inc., et al.*, Case No. 1:22-cv-02105-WJM-MEH (D. Colo.)." You cannot exclude yourself by telephone. To be valid, your submission must state: (A) your name, address, telephone number, and signature; (B) the date, number, and dollar amount of all purchases or acquisitions of Ampio common stock between December 29, 2020, and August 2, 2022, inclusive; and (C) the date, number, and dollar amount of Ampio shares you sold between December 29, 2020, and October 31, 2022, inclusive. **The submission must also be accompanied by verification from your broker (such as copies of trade confirmations, account statements, or transaction histories), OR a verified, sworn, or attested-to chart including the dates, prices, and quantities at which you purchased and sold Ampio common stock during the Class Period, OR other documentation of your transactions in Ampio common stock.**

Your submission must be received, not simply be postmarked, no later than _____. You may email your exclusion request to info@ AmpioSecuritiesSettlement.com or you may mail it to:

*Ampio Pharmaceuticals Securities Settlement*
PO Box 25226
Santa Ana, CA 92799

A request for exclusion shall not be valid and effective unless it provides all the

information called for above and is received within the time stated above, or is otherwise
accepted by the Court.

      If you ask to be excluded, you will not get any payment from the Settlement, and you
cannot object to the Settlement.  You will not be legally bound by anything that happens in this
lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other
Defendants' Releasees in the future.

| **13. If I do not exclude myself, can I sue the Defendants and the other Released** |
|---|
| **Parties for the same thing later?** |

      No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the
other Defendants' Releasees for any and all Released Claims.  If you have a pending lawsuit,
speak to your lawyer in that case immediately.  You must exclude yourself from *this* Settlement
Class to continue your own lawsuit.  Remember, the exclusion deadline is
_____.

| **14. If I exclude myself, can I get money from the proposed Settlement?** |
|---|

      No.  If you exclude yourself, you will not get money from the proposed Settlement.

## THE LAWYERS REPRESENTING THE CLASS

| **15. Do I have a lawyer in this case?  How will the lawyers be paid?** |
|---|

      The Court has appointed the law firm of Faruqi & Faruqi, LLP as Lead Counsel to
represent Lead Plaintiffs and all other Settlement Class Members in the Action.

      You will not be separately charged for the fees or expenses of Lead Counsel appointed
by the Court.  The Court will determine the amount of Lead Counsel's fees and expenses, which
will be paid from the Settlement Fund.  *See also* Notice at 3-4 ("Statement of Attorneys' Fees
and Expenses Sought").  If you want to be represented by your own lawyer, you may hire one at
your own expense.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

      If you are a Settlement Class Member, you can tell the Court that you do not agree with
the Settlement or some part of it.  You can ask the Court to deny approval by filing an
objection.  You can't ask the Court to order a different settlement; the Court can only approve
or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out
and the lawsuit will continue.  If this is what you want to happen, you must object.

| **16. How do I tell the Court that I do not like the proposed Settlement?** |
|---|

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application, and give reasons why you think the Court should not approve it.  If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application in "*Tao Wang and SynWorld Technologies Corp. v. Ampio Pharmaceuticals, Inc., et al.*, Case No. 1:22-cv-02105-WJM-MEH (D. Colo.)."  Your objection must state why you are objecting and must also: (i) include your name, address, telephone number, and signature; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) you wish to bring to the Court's attention; and (iii) documentation identifying the number of shares of Ampio common stock you purchased or acquired between December 29, 2020 and August 2, 2022, and documentation identifying the number of Ampio shares you sold between August 2, 2022, and October 31, 2022, inclusive.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **and** be mailed or delivered to each of the following counsel so that it is received, not simply postmarked, no later than _____, 2024:

**Clerk's Office**
Clerk of the Court
United States District Court
District of Colorado
Alfred A. Arraj Courthouse
901 19th Street
Denver, CO 80294

**Plaintiff's Counsel**
James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

**Defendants' Counsel**
Patrick G. Compton
BALLARD SPAHR, LLP
1225 17th Street, Suite 2300
Denver, CO 80202

**17. What is the difference between objecting and seeking exclusion?**

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement and the Action no longer affect you.

## THE COURT'S SETTLEMENT HEARING

> **18. When and where will the Court decide whether to approve the proposed settlement?**

The Court will hold the Settlement Hearing at _____ **a.m/p.m.** on the _____ **day of** _____, at the United States District Court for the District of Colorado, Alfred A. Arraj Courthouse, 901 19th Street, Denver, CO 80294, Courtroom A801.  At this hearing the Court will consider whether: (i) the Settlement is fair, reasonable and adequate, and should receive final approval; (ii) the Plan of Allocation is fair and reasonable, and should be approved; (iii) the Fee and Expense Application is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 16 above.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www. AmpioSecuritiesSettlement.com, to see if the Settlement Hearing stays as calendared or is changed.

> **19. Do I have to come to the Settlement Hearing?**

No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to the Court to discuss it.  You may have your own lawyer (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file a Notice of Appearance in the manner described in the answer to Question 20 below no later than _____, 2024.

> **20. May I speak at the Settlement Hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 16 above) a

statement stating that it is your "Notice of Intention to Appear in *Tao Wang and SynWorld Technologies Corp. v. Ampio Pharmaceuticals, Inc., et al.*, Case No. 1:22-cv-02105-WJM-MEH (D. Colo.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their written objections the identities of any witnesses they wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline identified, and in accordance with the procedures described in this Question 20 and Question 16.

## IF YOU DO NOTHING

| 21. What happens if I do nothing at all? |
| --- |

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Defendants' Releasees concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 9 above).  To start, continue, or be part of any other lawsuit against the Defendants and the other Defendants' Releasees concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from this Settlement Class (*see* Question 12 above).

## GETTING MORE INFORMATION

| 22. Are there more details about the proposed Settlement? |
| --- |

This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at www. AmpioSecuritiesSettlement.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cod.uscourts.gov, or by visiting the Office of the Clerk of the United States District Court for the District of Colorado, Alfred A. Arraj Courthouse, 901 19th Street, Denver, CO 80294, between 8:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays as well as the first Thursday of each month from 8:00 AM to 9:00 AM.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.AmpioSecuritiesSettlement.com; writing to the Claims Administrator at info@AmpioSecuritiesSettlement.com; or by calling the Claims Administrator toll free at 1-833-602-5027.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Settlement Class Members.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Ampio Common Stock purchased or otherwise acquired during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the shares of Ampio Common Stock were purchased during the Class Period, and for what amounts, and whether such shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Ampio Common Stock was artificially inflated throughout the Settlement Class Period.[4] The estimated alleged artificial inflation in the price of Ampio Common Stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Ampio Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Ampio Common Stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiffs and Lead Counsel have determined that such price declines occurred on April 21, 2022, May 17, 2022, May 18, 2022, and August 3, 2022 (the

---

[4] During the Settlement Class Period, Ampio Common Stock was listed on the New York Stock Exchange (NYSE) under the symbol "AMPE." After the Settlement Class Period, Ampio Common Stock underwent two reverse stock splits: a 15-to-1 reverse stock split on November 10, 2022; and 20-to-1 reverse stock split on September 12, 2023. Herein, Ampio stock prices and quantities are *not* split-adjusted.

"Corrective Disclosure Dates"). Accordingly, if a share of Ampio Common Stock was sold before April 21, 2022 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Ampio Common Stock was both purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

| Table 1 | | |
|---|---|---|
| Artificial Inflation in Ampio Common Stock | | |
| From | To | Per-Share Price Inflation |
| December 29, 2020 | April 20, 2022 | $0.16 |
| April 21, 2022 | May 16, 2022 | $0.08 |
| May 17, 2022 | May 17, 2022 | $0.07 |
| May 18, 2022 | August 2, 2022 | $0.06 |
| August 3, 2022 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Ampio Common Stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Ampio Common Stock during the 90-Day Lookback Period. The Recognized Loss on Ampio Common Stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Ampio Common Stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transactions in Ampio Common Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Per Share of Ampio Common Stock

For each share of Ampio Common Stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, December 29, 2020 through August 2, 2022, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

(i)     For each share of Ampio Common Stock that was sold prior to April 21, 2022, the Recognized Loss per share is $0.

17

(ii)    For each share of Ampio Common Stock purchased during the Settlement Class Period that was subsequently sold during the period April 21, 2022 through August 2, 2022, both dates inclusive, the Recognized Loss per share is: the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1.

(iii)    For each share of Ampio Common Stock purchased during the Settlement Class Period that was subsequently sold during the period August 3, 2022 through October 31, 2022, both dates inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

(iv)    For each share of Ampio Common Stock purchased during the Settlement Class Period and still held as of the close of trading on October 31, 2022, the Recognized Loss per share is *the lesser of*:

a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

b.    the purchase price *minus* the average closing price of Ampio Common Stock during the 90-Day Lookback Period, which is $0.07.

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 8/3/2022 | $0.10 | 9/1/2022 | $0.10 | 10/3/2022 | $0.09 |
| 8/4/2022 | $0.11 | 9/2/2022 | $0.10 | 10/4/2022 | $0.09 |
| 8/5/2022 | $0.11 | 9/6/2022 | $0.10 | 10/5/2022 | $0.09 |
| 8/8/2022 | $0.11 | 9/7/2022 | $0.10 | 10/6/2022 | $0.09 |
| 8/9/2022 | $0.11 | 9/8/2022 | $0.10 | 10/7/2022 | $0.08 |
| 8/10/2022 | $0.11 | 9/9/2022 | $0.10 | 10/10/2022 | $0.08 |
| 8/11/2022 | $0.11 | 9/12/2022 | $0.10 | 10/11/2022 | $0.08 |
| 8/12/2022 | $0.10 | 9/13/2022 | $0.10 | 10/12/2022 | $0.08 |
| 8/15/2022 | $0.11 | 9/14/2022 | $0.10 | 10/13/2022 | $0.08 |
| 8/16/2022 | $0.10 | 9/15/2022 | $0.10 | 10/14/2022 | $0.08 |
| 8/17/2022 | $0.10 | 9/16/2022 | $0.10 | 10/17/2022 | $0.08 |
| 8/18/2022 | $0.10 | 9/19/2022 | $0.10 | 10/18/2022 | $0.08 |
| 8/19/2022 | $0.10 | 9/20/2022 | $0.10 | 10/19/2022 | $0.08 |
| 8/22/2022 | $0.10 | 9/21/2022 | $0.10 | 10/20/2022 | $0.08 |
| 8/23/2022 | $0.10 | 9/22/2022 | $0.10 | 10/21/2022 | $0.08 |

| 8/24/2022 | $0.10 | 9/23/2022 | $0.10 | 10/24/2022 | $0.07 |
|-----------|-------|-----------|-------|------------|-------|
| 8/25/2022 | $0.10 | 9/26/2022 | $0.09 | 10/25/2022 | $0.07 |
| 8/26/2022 | $0.10 | 9/27/2022 | $0.09 | 10/26/2022 | $0.07 |
| 8/29/2022 | $0.10 | 9/28/2022 | $0.09 | 10/27/2022 | $0.07 |
| 8/30/2022 | $0.10 | 9/29/2022 | $0.09 | 10/28/2022 | $0.07 |
| 8/31/2022 | $0.10 | 9/30/2022 | $0.09 | 10/31/2022 | $0.07 |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of Ampio shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Ampio Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Ampio Common Stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Ampio Common Stock were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Ampio Common Stock held as of the close of trading on December 28, 2020 (the last day before the Class Period begins) and then against the purchases of Ampio Common Stock during the Class Period beginning with the earliest purchase during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Ampio Common Stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to Ampio Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Ampio Common Stock on the date of exercise. Any Recognized Loss arising from purchases of Ampio Common Stock acquired during the Class Period through the exercise of an option on Ampio Common Stock[5] shall be computed as provided for other purchases of Ampio Common Stock in the Plan of Allocation.

---

[5] Including (1) purchases of Ampio Common Stock as the result of the exercise of a call option,

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit a Claim Form.

Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

The Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Claim Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has granted final approval of the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to Investor Protection Trust, a nationwide non-profit organization dedicated to providing investor education and advocacy, or to another non-sectarian, not-for-profit organization serving the public interest designated and approved by the Court.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

---

and (2) purchases of Ampio Common Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

If you purchased Ampio common stock between December 29, 2020, and August 2, 2022, for the beneficial interest of a person or organization other than yourself, the Court has directed that WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE, YOU MUST EITHER: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS after receipt thereof forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names, addresses, and email addresses (to the extent known) to the Claims Administrator.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Ampio Pharmaceuticals Securities Settlement*
P.O. Box 25226 _____
Santa Ana, CA 92799


Dated: _____