# EXHIBIT B

Case No. 1:22-cv-02105-WJM-CYC     Document 93-6     filed 05/13/24     USDC Colorado     pg 1 of 9

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TAO WANG and SYNWORLD TECHNOLOGIES CORPORATION, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>AMPIO PHARMACEUTICALS, INC.<br>MICHAEL A. MARTINO,<br>MICHAEL MACALUSO,<br>HOLLI CHEREVKA,<br>DAN STOKELY<br>DAVID BAR-OR,<br>PHILIP H. COELHO, and<br>RICHARD B. GILES<br><br>　　　　　　　　　　Defendants. | Case No. 1:22-CV-02105-WJM-MEH<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS:

A.	The above-captioned action is pending in this Court, and on May 13, 2024, Lead Plaintiffs Tao Wang and SynWorld Technologies Corporation ("Lead Plaintiffs"), on behalf of themselves and each member of the Settlement Class, and Ampio Pharmaceuticals, Inc. ("Ampio"), and Michael A. Martino, Holli Cherevka, Dan Stokely, David Bar-Or, Philip H. Coelho, and Richard B. Giles (the "Individual Defendants," and with Ampio, the "Defendants," and collectively with Lead Plaintiffs, the "Parties"), have entered into the Stipulation and Agreement of Settlement ("Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

B.	Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2024 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.	The Court ordered that the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits A-1 and A-3, be posted on the settlement website www. AmpioSecuritiesSettlement.com on or before _____, that the Postcard Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Postcard Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-2, be mailed by first-class mail, postage prepaid, on or before _____ to all potential Settlement

1

Class Members to the list of record holders of Ampio securities, and that a Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-4, be published in *Investor's Business Daily* and transmitted over *PR Newswire* by _____;

D. The Notice, Postcard Notice, and Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2024;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On _____, 2024, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on _____, 2024, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2024; and (ii) the Notice, which was filed with the Court on _____, 2024. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class. Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) all subsidiaries and affiliates of Ampio and the current and former directors and officers of Ampio and its subsidiaries or affiliates; (iv) any firm, trust, partnership, corporation, or entity in which any Defendant has a controlling interest; (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vi) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

4. The Court finds that the mailing and publication of the Postcard Notice, Notice, Claim Form, and Summary Notice: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's anticipated Fee and Expense Application, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7).

5. [Description of number and nature of any objections to the proposed Settlement.]

6. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is

adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Amended Class Action Complaint ("AC"), filed on October 16, 2023, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

8. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9. Upon the Effective Date, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, trustees, administrators, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees, and shall forever be barred, enjoined, and precluded from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.

10. Upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the

4

Released Defendants' Claims against any of the Plaintiffs' Releasees.

11. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a. Do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by the Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b. Do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

c. Do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any

5

other reason against or to the prejudice of any of the Defendants, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

        d.      Do not constitute, and shall not be construed against Defendants, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

        e.      Do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

13.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     The Parties are hereby directed to execute the Stipulation and to perform its terms.

17.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

18. Lead Counsel is awarded attorneys' fees in the amount of $_____, and expenses in the amount of $_____, plus any applicable interest, and these amounts shall be paid of the of the Settlement Fund immediately following entry of this Order subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

19. Lead Plaintiffs are awarded in total $_____, as an award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

20. Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of the Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may reasonably agree to extensions of time to carry out any provisions of the Settlement.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: _____        _____
                                THE HONORABLE WILLIAM J. MARTÍNEZ
                                UNITED STATES DISTRICT JUDGE