**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-2105-WJM-MEH

TAO WANG, individually and behalf of all others similarly situated,
SYNWORLD TECHNOLOGIES CORPORATION, individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.

AMPIO PHARMACEUTICALS, INC.,
MICHAEL A. MARTINO,
MICHAEL MACALUSO,
HOLLI CHEREVKA,
DAN STOKELY,
DAVID BAR-OR,
PHILIP H. COELHO, and
RICHARD B. GILES

      Defendants.

---

**ORDER GRANTING LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT**

---

Tao Wang and Synworld Technologies Corporation (collectively, "Lead Plaintiffs")

bring this putative class action on behalf of themselves and others similarly situated

against Ampio Pharmaceuticals, Inc. ("Ampio"), Michael A. Martino, Holli Cherevka, Dan

Stokely, David Bar-Or, Philip H. Coelho, and Richard B. Giles (collectively,

"Defendants") for violations of sections 10(b) and 20(a) of the Securities Exchange Act

of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17

C.F.R. § 240.10b-5.  (ECF No. 57.)

Before the Court is Lead Plaintiffs' Unopposed Motion for Preliminary Approval of

the Class Action Settlement ("Preliminary Approval Motion").  (ECF No. 94).  Having

reviewed the Stipulation and Agreement of Settlement ("Stipulation") dated May 13, 2024 (ECF No. 93), and the other exhibits submitted with the Stipulation (ECF Nos. 93-1 through 93-6), and being fully advised by the parties of all pertinent facts and law,

IT IS HEREBY ORDERED THAT:[1]

1.       The Preliminary Approval Motion is GRANTED.

2.       The Stipulation is PRELIMINARILY APPROVED as fair, reasonable, and adequate.

3.       For settlement purposes only, the Court preliminarily CERTIFIES a class with the following definition:

> All Persons who purchased or otherwise acquired Ampio common stock between December 29, 2020 and August 2, 2022, inclusive, and were damaged thereby ("Settlement Class").  Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) all subsidiaries and affiliates of Ampio and the current and former directors and officers of Ampio and its respective subsidiaries or affiliates; (iv) any firm, trust, partnership, corporation, or entity in which any Defendant has a controlling interest; (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vi) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

4.       The Court finds, for the purposes of Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Settlement Class; (c) Lead Plaintiffs' claims are typical of the claims

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as they have in the Stipulation.  (*See* ECF No. 93 at ¶ 1.)

of the Settlement Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel

have and will continue to fairly and adequately represent the interests of the Settlement

Class; (e) the questions of law and fact common to the Settlement Class Members

predominate over any questions affecting only individual Settlement Class Members;

and (f) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for

purposes of Settlement only, Lead Plaintiffs are CERTIFIED as the Class

Representatives on behalf of the Settlement Class, and Lead Counsel is hereby

appointed as Class Counsel.

6.      An in-person Settlement Fairness Hearing[2] shall be held before this Court

on **February 19, 2025 at 10:30 a.m.** at the United States District Court for the District of

Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado

80294, Courtroom A801, to: (a) determine whether the proposed Settlement of the

Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and

adequate and should be finally approved by the Court; (b) determine whether a

Judgment, attached as Exhibit B to the Stipulation (ECF No. 93-6), should be entered

dismissing the Action with prejudice; (c) determine whether the proposed Plan of

Allocation is fair, reasonable, and adequate and should be approved; (d) determine the

amount of fees and expenses to be awarded to Lead Counsel; (e) determine any award

to Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4); (f) hear and determine any

---

[2] For the avoidance of any confusion, "Settlement Fairness Hearing" has the same
meaning as "Settlement Hearing" as that term is defined in the Stipulation.  (ECF No. 93 at
¶ 1(xx).)

objections to the Settlement; and (g) rule on such other matters as the Court may deem appropriate.  The Court may adjourn the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

7.      The Court approves, as to form and content, the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"); the Postcard Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Postcard Notice"); the Claim Form ("Claim Form"); and the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Summary Notice") (ECF Nos. 93-2 through 93-5), and finds that the mailing and distribution of the Postcard Notice, Notice, and Summary Notice, substantially in the manner set forth in ¶¶ 10-13 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled hereto.

8.      The firm of Simpluris ("Class Administrator") is hereby appointed to supervise and administer the notice program as well as the processing of claims as more fully set forth below.

9.      The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage and administer the Settlement Fund for the benefit of the Settlement Class.

4

10.     By **October 1, 2024**, Ampio shall provide and/or cause its transfer agent to provide to Lead Counsel transfer records in electronic searchable form, such as an Excel spreadsheet, containing the names and addresses of Persons who may have purchased or acquired Ampio common stock during the Class Period, to the extent that information is available from Ampio's transfer agent.  This information shall be kept confidential and shall not be used for any purpose other than to provide the notice contemplated by this Order.

11.     By **October 15, 2024** ("Notice Date"), the Claims Administrator shall mail, by first-class mail, postage prepaid, the Postcard Notice to the list of record holders of Ampio common stock, and shall post to its website, www.AmpioSecuritiesSettlement.com, the Stipulation and its exhibits, this Order, and a copy of the Notice and Claim Form to be downloaded.

12.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or acquired Ampio common stock during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN CALENDAR DAYS after receipt thereof forward them to all such beneficial owners; or (b) WITHIN TEN CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names, addresses, and email addresses (to the extent known) to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up

5

to $0.70 per unit if the nominee or custodian elects to undertake the mailing of the

Postcard Notice or up to $0.10 per name if the nominee or custodian provides the

names, addresses, and (to the extent known) email addresses to the Claims

Administrator, which expenses would not have been incurred except for the sending of

such notice, and subject to further order of this Court with respect to any dispute

concerning such reimbursement.

13.    By **October 29, 2024**, the Claims Administrator shall cause the Summary

Notice to be published once in *Investor's Business Daily* and to be transmitted once

over *PR Newswire*.

14.    By **February 12, 2025**, Lead Counsel shall file with the Court proof, by

appropriate declaration, of such mailing and posting described in paragraphs 11 and 13.

15.    Postcard Notices that are returned by the United States Postal Service

("USPS") as undeliverable will be reviewed for updated addresses and, where available,

new addresses will be entered into the Claims Administrator's database and Postcard

Notices will be mailed to the updated addresses.  The Claims Administrator shall

immediately re-mail any returned undelivered mail for which USPS has provided a

forwarding address.  The Claims Administrator shall attempt to locate anyone whose

Postcard Notice has been returned by USPS as undeliverable (and an updated address

was not provided) by conducting a National Change of Address ("NCOA") search, given

that the NCOA database contains records of all permanent change of address

submissions received by the USPS for the last four years.  Addresses found through

NCOA searches will also be certified via the Coding Accuracy Support System ("CASS")

to ensure the quality of the zip code and verified through Delivery Point Validation

6

("DPV") to verify the accuracy of the addresses.  Where an updated address was not

available through a NCOA search, the Claims Administrator shall conduct internet

searches or engage a third-party search firm or lookup service, such as LexisNexis®

Public Records, to conduct more rigorous searches for persons whose Postcard Notice

is returned as undeliverable.  The search efforts set forth in this Paragraph 15 shall be

undertaken as soon as practicable, and all such efforts must be concluded by no later

than **November 29, 2024**.

16.     Settlement Class Members who wish to participate in the Settlement and

to be potentially eligible to receive a distribution from the Net Settlement Fund must

complete and submit a Claim Form in accordance with the instructions contained

therein.  All Claim Forms must be postmarked or submitted electronically by **January

13, 2025**.  Any Settlement Class Member who does not timely submit a Claim Form

within the time provided for, shall be barred from sharing in the distribution of the Net

Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all

determinations and judgments in this Action concerning the Settlement, as provided in

paragraph 17 of this order.  Notwithstanding the foregoing, Lead Counsel may, in its

discretion, accept-late submitted claims for processing by the Claims Administrator so

long as distribution of the Net Settlement Fund to Authorized Claimants is not materially

delayed thereby.  No Person shall have any claim against Lead Plaintiffs, Lead

Counsel, or the Claims Administrator by reason of the decision to exercise such

discretion whether to accept late-submitted claims.

17.     Settlement Class Members shall be bound by all orders, determinations,

and judgments in this Action concerning the Settlement, unless they timely and properly

request exclusion from the Settlement Class as hereinafter provided.  Any Settlement

Class Member who wishes to exclude himself, herself, or itself from the Settlement

Class must request exclusion in writing within the time and in the manner set forth in the

Notice.  A request for exclusion must be mailed or emailed such that it is received by

**January 29, 2025**.  Putative Settlement Class Members who timely (as determined by

the Court) and validly request exclusion from the Settlement Class shall not be eligible

to receive any payment out of the Net Settlement Fund as described in the Stipulation

and Notice.

18.     The motion for final approval of the Stipulation, Plan of Allocation, and any

application by Lead Counsel for attorneys' fees and expenses or by Lead Plaintiffs for

their cost and expenses shall be filed with the Court by mail or e-mail by **December 23,

2024**.  Any response papers shall be filed with the Court by **January 13, 2025**, and any

reply papers shall be filed with the Court by **January 27, 2025**.

19.     Any Settlement Class Member may appear and show cause, if he, she, or

it has any reason why the Settlement, Plan of Allocation, the application for an award of

attorneys' fees and expenses, or an award to Lead Plaintiffs should not be approved;

provided, however, that no Settlement Class Member shall be heard or entitled to

contest any of the foregoing unless that person has, by **January 29, 2025**, filed a

detailed objection in writing (described below) with the Clerk of Court:

| |
|---|
| Clerk of Court<br>ATTN: *Ampio Pharmaceuticals, Inc. Securities Litigation*<br>Civil Action No. 22-cv-02105-WJM-MEH<br>Alfred A. Arraj United States Courthouse<br>901 19th Street<br>Denver, CO 80294 |

An objection shall also be mailed to the following counsel postmarked no later than

**January 29, 2025**:

> **Lead Counsel**
> Faruqi & Faruqi, LLP
> James M. Wilson, Jr.
> 685 Third Ave., 26th Floor
> New York, NY 10025
>
> **Defendants' Counsel**
> Patrick G. Compton
> BALLARD SPAHR, LLP
> 1225 17th Street, Suite 2300
> Denver, CO 80202

Such objections must contain the following information: (a) the Settlement Class Member's name, legal address, and telephone number; (b) proof of being a Settlement Class Member as of the Settlement Class Period as described in the Notice; (c) a statement of the Settlement Class Member's position with respect to the matters to be heard at the Settlement Fairness Hearing; and (d) the grounds for the objection or the reasons for the Settlement Class member desiring to appear and to be heard. Any Settlement Class Member who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or to otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, and shall be bound by the Settlement, the Judgment, and the releases given.

20.    Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

21.    Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence against any of the

9

Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

22.    As provided in the Stipulation, the Escrow Agent may advance, at the direction of Lead Counsel, up to $75,000 from the Settlement Fund prior to the Effective Date to pay Notice and Administration Expenses.  For any additional Notice and Administration Expenses above $75,000, Lead Counsel shall obtain Court approval for payments out of the Escrow Account.

23.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order(s) of the Court.

24.    The Plan of Allocation or any application for fees, expenses, or costs submitted by Lead Counsel or Lead Plaintiffs will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of January 3, 2024.

26.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth

in the Stipulation.  In the event the Settlement is not approved by the Court, or

otherwise fails to become effective, neither Lead Plaintiffs nor Lead Counsel shall have

any obligation to repay any amounts incurred or disbursed pursuant to ¶¶ 14 or 16 of

the Stipulation.

       Dated this 24th day of September, 2024.

BY THE COURT:

William J. Martínez
Senior United States District Judge

11