IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02105-WJM-CYC

TAO WANG, individually and on behalf of all others similarly situated,
SYNWORLD TECHNOLOGIES CORPORATION, individually and on behalf of all others
similarly situated,

      Plaintiff,

v.

AMPIO PHARMACEUTICALS, INC.
MICHAEL A. MARTINO,
MICHAEL MACALUSO,
HOLLI CHEREVKA,
DAN STOKELY,
DAVID BAR-OR,
PHILIP H. COELHO, and
RICHARD B. GILES

      Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AN AWARD TO LEAD PLAINTIFFS

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiffs Tao Wang

and his wholly-owned company, SynWorld Technologies Corporation (collectively with Mr.

Wang, "Plaintiffs"), on behalf of themselves and the putative Settlement Class,[1] and Lead

Counsel Faruqi & Faruqi, LLP, respectfully submit this reply memorandum of law in support of

Plaintiffs' Motion for Final Approval of the Class Action Settlement ("Final Approval Motion"

---

[1]     Unless otherwise noted, the following conventions are used herein: (a) all emphases are added; (b) all citations and internal quotation marks are omitted; and (c) all capitalized terms have the meaning ascribed to them in the Stipulation and Agreement of Settlement dated May 13, 2024 ("Stipulation" or "Stip."), ECF No. 93.

or "FA Mot."), ECF No. 100, and Lead Counsel's Motion for an Award of Attorneys' Fees,

Reimbursement of Expenses, and an Award to Lead Plaintiffs ("Fee Motion"), ECF No. 101

(collectively, the "Motions").  This reply is supported by the Supplemental Declaration of Anne-

Marie Marra of Simpluris Regarding Notice and Settlement Administration ("Marra

Supplemental Declaration" or "Marra Suppl. Decl."), submitted herewith.

## MEMORANDUM OF LAW

Plaintiffs and Lead Counsel are pleased to advise the Court of the positive reaction to

date to the proposed Settlement, Plan of Allocation, and the Fee Motion.  Courts have uniformly

recognized that a class's reaction is a significant factor to consider when evaluating whether the

proposed settlement and plan of allocation are fair, adequate, and reasonable, and whether the

requested attorneys' fees, expenses, and an award for the plaintiff are fair and reasonable.

Following an extensive notice program, which included the mailing of 25,405 Postcard Notices

to potential Class members and nominees, no one has requested exclusion from the Settlement or

objected to the Settlement, Plan of Allocation, or the Fee Motion, even though there are only two

days left before the January 29, 2025 deadline to do so.  Furthermore, the participation rate in

this case has been exceptional.  To date, 24,123 claims on behalf of potential Class Members

have been submitted, which amounts to a participation rate of approximately 95% based on

Postcard Notices mailed.  This is far greater than the 20-30% claims rate ordinarily seen in

securities class actions.

Thus, Plaintiffs and Lead Counsel respectfully submit that the proposed Class's reaction

provides further support for the Motions, which are unopposed by Defendants.

**ARGUMENT**

**I.    THE NOTICE PROGRAM TO DATE**

As detailed in the Final Approval Motion, the notice program approved by the Court was

implemented and satisfies the requirements of Rule 23, the Private Securities Litigation Reform

Act of 1995, 15 U.S.C. §78u-4, *et seq.*, and due process.  FA Mot. at 13-15.

Pursuant to the Order preliminarily approving the Settlement ("Preliminary Approval

Order" or "PA Order"), ECF No. 97, 25,404 copies of the Postcard Notices were mailed to

potential Class Members and nominees beginning on October 15, 2024.  *See* Marra Suppl. Decl.

¶4.  That same day, the Notice of Pendency of Class Action Settlement and the Claim Form,

along with other materials, were posted on the website, www.ampiosecuritiessettlement.com.  *Id.*

at ¶17.  The Summary Notice was published in *Investor's Business Daily* and transmitted over

*PR Newswire* on October 28, 2024.  ECF No. 99 ¶¶15-16 & 99-6.  The Claims Administrator

also set up a toll-free telephone number to answer any questions or concerns from Class

Members and nominees.  ECF No. 99 at ¶18.

Pursuant to the schedule set forth in the Preliminary Approval Order, Plaintiffs and Lead

Counsel filed their opening papers in support of the Motions on December 23, 2024.  *See* ECF

Nos. 99-102.  Thereafter, Lead Counsel continued to communicate with the Claims

Administrator regarding the notice program's progress.  As of January 24, 2025, the Claims

Administrator has received 351 Claim Forms from individuals, and 55 Claim Forms from

Nominees or third-party filers on behalf of 23,772 clients.  Marra Suppl. Decl. ¶22.  This is an

exceptionally high participation rate, where 25,404 Postcard Notices were mailed and 24,123

claims, or approximately 95% of the number of notices that went out, were received.  *See In re*

*Celera Corp. Sec. Litig.*, 2015 WL 7351449, at \*7 (N.D. Cal. Nov. 20, 2015) (noting that the participation rate in securities matters is typically 20-30%).  Indeed, the number of claims will likely increase, as there are often late claims submitted.  Lead Counsel has the discretion to accept late claims for processing and will submit them to the Court for approval in connection with the motion for approval of the distribution of the Net Settlement Fund to Class Members as long as the processing of such late claims does not materially delay distribution.  *See* PA Order at 7 ¶16.

## II.    THE CLASS'S REACTION FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT AND THE PLAN OF ALLOCATION

"The reaction of the class to the proffered settlement … is perhaps the most significant factor to be weighed in considering its adequacy . . . ." *In re Davita Healthcare Partners, Inc. Derivative Litig.*, 2015 WL 3582265, at \*3 (D. Colo. June 5, 2015) (Martínez, J.) (quoting *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at \*3 (N.D. Cal. 2009)).  In gauging the class's reaction, courts consider any objections to the settlement and any exclusion requests filed.  *See id.*

Although the deadline for Class Members to object to the Settlement or request exclusion, January 29, 2025, has not yet passed, thus far no requests for exclusion or objection have been received.  The lack of objections and exclusions to date "weighs heavily in favor of approval" of the settlement.  *DaVita*, 2015 WL 3582265, at \*3; *see also Or. Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*, 2024 WL 98387, at \*5 (D. Colo. Jan. 9, 2024) (Martínez, J.) (giving "great weight" to the lack of objections and the fact that only three exclusion requests were received in determining the fairness and reasonableness of the settlement).

In the event requests for exclusions or objections are received on or before the deadline of January 29, 2025, Plaintiffs will address them via letter to the Court before the Settlement Hearing.

## III.    THE CLASS'S REACTION SUPPORTS APPROVAL OF THE FEE MOTION

The Postcard Notice and Notice informed Class Members that Lead Counsel would apply for an award of attorneys' fees of 28% of the Settlement Fund, reimbursement of expenses up to $75,000, and an award to Plaintiffs not to exceed $5,000. *See* ECF Nos. 99-1 at 2, 99-2 at 2, 4. They also informed Class members of their right to object to the Fee Motion and the January 29, 2025 deadline for submitting such objections. *See* ECF Nos. 99-1 at 2, 99-2 at 2, 12-13  On December 23, 2024, Lead Counsel filed the Fee Motion seeking 28% in attorneys' fees, $66,475.24 in expenses, and a $5,000 award for Plaintiffs. *See* ECF No. 101 at 1-2.  As noted above, the deadline has not yet passed but no objections to the Fee Motion have been received.

The lack of objections to the Fee Motion so far weighs strongly in favor of approval. *See O'Dowd v. Anthem, Inc.*, 2019 WL 4279123, at *14 (D. Colo. Sept. 9, 2019).

Lead Counsel will file a letter with the Court in the event objections to the Fee Motion are received on or before the deadline.

## CONCLUSION

Plaintiffs and Lead Counsel respectfully request the Court grant their Motions in their entirety.

Dated:  January 27, 2025          Respectfully submitted,

By: s/ *James M. Wilson, Jr.*

James M. Wilson, Jr.
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor

New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com

Robert W. Killorin
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email:  rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiffs Tao Wang and SynWorld
Technologies Corporation and Lead Counsel for the
putative Class*

6

**CERTIFICATE OF SERVICE**

I, James M. Wilson, Jr., hereby certify that on January 27, 2025, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such

filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

*s/ James M. Wilson, Jr.*
James M. Wilson, Jr.

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), prior to filing the foregoing Motion, Plaintiffs'

counsel emailed it to Defendants' counsel and Defendants' counsel responded via email

confirming that Defendants do not oppose it.

*s/ James M. Wilson, Jr.*
James M. Wilson, Jr.
