**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02105-WJM-CYC

TAO WANG, individually and on behalf of all others similarly situated,
SYNWORLD TECHNOLOGIES CORPORATION, individually and on behalf of all others
similarly situated,

      Plaintiff,

v.

AMPIO PHARMACEUTICALS, INC.
MICHAEL A. MARTINO,
MICHAEL MACALUSO,
HOLLI CHEREVKA,
DAN STOKELY,
DAVID BAR-OR,
PHILIP H. COELHO, and
RICHARD B. GILES

      Defendants.

---

**LEAD PLAINTIFFS' MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT
FUND; AND MEMORANDUM OF LAW IN SUPPORT**

---

Lead Plaintiffs Tao Wang and his wholly-owned company, SynWorld Technologies

Corporation ("SynWorld" and collectively with Mr. Wang ("Plaintiffs")), on behalf of

themselves and the putative Settlement Class,[1] respectfully move this Court for an Order: (a)

approving the administrative recommendations of Simpluris, the Court-approved Claims

Administrator; (b) authorizing distribution of the Net Settlement Fund to Authorized Claimants

whose claims have been accepted pursuant to Simpluris' proposed distribution plan; (c)

---

[1]    Unless otherwise noted, the following conventions are used herein: (a) all emphases are added; (b) all citations and internal quotation marks are omitted; (c) all capitalized terms have the meaning ascribed to them in the Stipulation and Agreement of Settlement dated May 13, 2024 ("Stipulation" or "Stip."), ECF No. 93; and (d) all references to "Rule(s)" refers to the Federal Rules of Civil Procedure.

1

authorizing Simpluris' distribution plan; (d) authorizing payment of Simpluris' fees and expenses incurred and to be incurred in the administration of the settlement; and (e) granting the release of claims related to the administration or taxation of the Settlement Fund.  This motion is accompanied by the Declaration of Megan Todd in Support of Lead Plaintiffs' Motion for Approval of Distribution of Net Settlement Fund ("Todd Distribution Declaration" or "Todd Distrib. Decl.").

Pursuant to the Stipulation, Defendants have no interest in the relief sought by this motion.  *See* Stipulation ¶15 ("The Settlement is not a claims-made settlement.").  As a result, Plaintiffs respectfully state that conferral is not required pursuant to D.C.COLO.LCivR 7.1(a).

## MEMORANDUM OF LAW

On February 20, 2025, the Court issued the Final Order and Judgment Approving Class Action Settlement ("Final Approval Order"), granting final approval to the $3,000,000 cash settlement between Plaintiffs, on behalf of the Class, and Defendants under the terms set forth in the Stipulation, and dismissing the Action with prejudice.  ECF No. 108.

Since then, Simpluris, under Class Counsel's supervision, continued to process potential Class Members' Proof of Claim forms, calculated Recognized Loss amounts, and performed related work consistent with the Stipulation and the Order Granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order" or "PA Order"), ECF No. 97.  *See generally*, Todd Distrib. Decl.

Simpluris has completed the processing of Claims, including Claims submitted after the January 13, 2025 submission deadline but postmarked or received on or before January 30, 2026 and related work.  Todd Distrib. Decl. ¶¶2, 32. As a result, Simpluris is now prepared to

distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation.  There are no disputed claims.

## ARGUMENT

### I. THE CLAIMS ADMINISTRATOR'S ADMINISTRATIVE DETERMINATIONS SHOULD BE APPROVED

Pursuant to the Stipulation and the Preliminary Approval Order, all Class Members wishing to obtain their *pro rata* share of the Net Settlement Fund were required to timely submit a completed Proof of Claim form with supporting documentation to Simpluris, postmarked or received on or before the submission deadline of January 13, 2025.  *See, e.g.*, PA Order ¶16; Stipulation ¶22.

As detailed in the accompanying declaration, Simpluris received and reviewed all Claims submitted by potential Class Members through January 30, 2026.  Todd Distrib. Decl. ¶38. Simpluris prepared exhibits detailing: (i) all timely eligible Claims postmarked or received on or before the Claims submission deadline (Todd Distrib. Decl. ¶40, Ex. B-1); (ii) all late but otherwise eligible claims that were postmarked or received after the Claims submission deadline but on or before January 30, 2026 (Todd Distrib. Decl. ¶40, Ex. B-2); and (iii) all rejected Claims that were deemed ineligible through Simpluris's deficiency process (Todd Distrib. Decl. ¶40, Ex. B-3).

#### A. Overview Of The Claims Administration Process

To avoid undue repetition, Lead Counsel respectfully refers the Court to the Todd Distribution Declaration filed herewith for a detailed description of the factual and procedural background of the claims review and administration process.

Briefly, Simpluris sent 29,505 Postcard Notices, or where requested, copies of the Notice and Proof of Claim form, and received and processed 24,159 Claims.  Todd Distrib. Decl. ¶¶4, 10.  Simpluris reviewed all Claims Forms and supporting documentation to determine, among other things, whether each claimant had purchased Ampio common stock during the Class Period and whether the claimant was in fact a Class Member or was an excluded person.  *Id.* at ¶¶10-19.

Simpluris made substantial efforts to provide claimants with a fair opportunity to cure deficiencies in their Claims.  As set forth in the Todd Distribution Declaration, Simpluris sent a Notice of Defective Claim ("Deficiency Notice") to claimants who submitted Claims by mail or email that Simpluris determined contained deficiencies.  *Id.* at ¶23.  Such deficiencies included incomplete supporting documentation or missing signatures.  *Id.* at ¶22.  Simpluris sent 117 Deficiency Notices to claimants in an effort to inform them of the steps needed to remedy the deficiencies.  *Id.* at ¶¶23, 25.  The Deficiency Notice informed the claimant that the appropriate information or documentary evidence needed to complete the Claim must be submitted within twenty-one (21) days from the date of the letter, or the Claim would be recommended for rejection to the extent the deficiency or ineligibility was not cured.  *Id*.

Brokers, nominees, and others who submitted their data electronically were notified of their Claims' ineligibility or deficiency by email in a Transaction Report listing the data that was incorrect or incomplete.  *Id.* at ¶27.

Simpluris received and processed claimants' responses to the Deficiency Notices and Transaction Reports.  *Id.* at ¶¶26, 28.  If a claimant's response corrected the defects in the Claim, Simpluris updated the database to reflect the change in the Claim's status.  *Id*.

4

**B.** **Timely Eligible Claims And Late But Otherwise Eligible Claims Should Be Accepted**

Simpluris has determined that 5,868 Claims should be accepted. *Id.* at ¶38. Of those claims, 5,849 were postmarked or received on or before the Claims submission deadline ("Timely Eligible Claims") and 19 were postmarked or received after the Claims submission deadline but on or before January 30, 2026 ("Late But Otherwise Eligible Claims" or "Late Claims"). Todd Distrib. Decl. ¶41, Exs. B-1 and B-2. The total Recognized Losses calculated pursuant to the Plan of Allocation for the Timely Eligible Claims is $11,281,305.48 and the total Recognized Losses for the Late Claims is $131,740.68. *Id.* at ¶41. The Preliminary Approval Order provides that "Lead Counsel may, in its discretion, accept-late submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby." PA Order ¶16. As the Late Claims have not caused any material delay in the distribution of the Net Settlement Fund, Simpluris recommends, and Class Counsel agrees, that the Late Claims should be deemed timely and included in the Settlement distribution. *Id.* *See Peace Officers' Annuity and Benefit Fund of Georgia v. Davita Inc., et al.*, No. 17-cv-00304-WJN-NRN (D. Colo. Mar. 28, 2022) (Martínez, J.), ECF No. 129 at ¶4(a) (accepting Late But Otherwise Eligible Claims); *Bilinksy v. Gatos Silver, Inc.*, No. 1:22-cv-00453 (D. Colo. Jan. 12, 2026), ECF No. 103 at ¶1 (same).

**C.** **Ineligible Claims Should Be Rejected**

Simpluris has completed the processing of the Claims received through January 30, 2026 and recommends 18,291 Claims for rejection. Todd Distrib. Decl. ¶39; Ex. B-3. Most of the Rejected Claims have no Recognized Loss (10,251). *Id.* at ¶39. Other reasons for rejection

include no eligible purchases/acquisitions during the Class Period (3,221), otherwise deficient claims (4,812), and withdrawn/voided claims (7).   *Id.*

> ### D.       Claims Received After January 30, 2026 Should Be Rejected As Untimely

There must be a final cut-off date after which no more Claims may be accepted so that there may be a proportional distribution of the Net Settlement Fund without further delay and expense for the Class.  *Id.* at ¶¶33-34.  Accordingly, Plaintiffs respectfully request that the Court order that any Claim received after January 30, 2026 be rejected as untimely.  *Id.* at ¶33. Additionally, Plaintiffs request that any responses to Deficiency Notices or Transaction Reports received after January 30, 2026 that result in an increased Recognized Loss also be rejected as untimely.  *Id.* at ¶34.  In the event such a response decreases that Claim's Recognized Loss however, the Recognized Loss amount will be reduced accordingly.  *Id.*

## II.      THE DISTRIBUTION OF THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS SHOULD BE APPROVED

The Todd Distribution Declaration sets forth a plan for distribution of the Net Settlement Fund to Timely Eligible Claims and Late But Otherwise Eligible Claims (*i.e.*, Authorized Claimants), in accordance with the Plan of Allocation.  *Id.* at ¶42.  Briefly, pursuant to the plan, after deducting any payments granted by the Court and other taxes and costs, Simpluris will conduct the initial distribution of the Net Settlement Fund.  *Id.* at ¶42(a).  To do this, Simpluris will calculate award amounts by calculating each Authorized Claimant's *pro rata* share pursuant to the Plan of Allocation, eliminating those whose award amount calculates to less than $10.00. *Id.* at ¶42(a)(i)-(ii).  After eliminating those claimants, Simpluris will calculate the *pro rata* distribution payments for Authorized Claimants who would have received $10.00 or more.  *Id.* at ¶42(a)(iii).  Simpluris will then send the payments to those Claimants.  *Id.* at ¶42(a)(iv).

As set forth in the Notice (ECF No. 99-2) at 20, if any funds remaining in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to contact claimants who have not cashed their payments, but no earlier than six (6) months after the initial distribution, Simpluris will consult with Plaintiffs' Counsel to review and determine if a Second Distribution of any uncashed funds would be economically feasible. *Id.* Such redistribution would go to Class Members who cashed their initial distribution check and would receive a minimum of $10.00. *Id.* Determining whether such a redistribution is cost effective requires taking into consideration payment of any additional costs and expenses that would be associated with a redistribution. *Id.* These redistributions shall be repeated until it is no longer feasible to do so. *Id.*

The Notice provides that once the "balance remaining in the Net Settlement Fund is *de minimis*[,]" "such remaining balance will then be distributed to Investor Protection Trust[.]" *Notice*, ECF No. 99-2 at 20. Class Counsel was recently informed that Investor Protection Trust is no longer in operation. However, the Notice provides that the remainder can also be donated to "another non-sectarian, not-for-profit organization serving the public interest designated and approved by the Court." *Id.*

Should it make things easier on the Court, Class Counsel respectfully suggests that CII Research and Education Fund ("CII-REF") is an appropriate recipient of any *de minimis* balance that still remains in the Net Settlement Fund after all feasible distributions to Authorized Claimants have been made. CII-REF is an appropriate recipient—or *"cy pres* designee"— of any residual Settlement Funds because it "reasonably approximate[s] the interests of the class." *In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 852 (S.D.N.Y. 2016). This Action was

7

brought under the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5

promulgated thereunder. Stipulation 2. The purpose of the Exchange Act is "to protect investors

against manipulation of stock prices." *Basic Inc. v. Levinson*, 485 U.S. 224, 230 (1988). As the

Settlement Class consists of all persons or entities who purchased or otherwise acquired Ampio

common stock during the Class Period and were damaged thereby (Stipulation ¶I.uu), its

members are located throughout the nation. Consistent with the case law, the *cy pres* recipient

should relate to protecting investors from securities fraud. CII-REF is a nonpartisan tax-exempt

organization under § 501(c)(3) of the Internal Revenue Code, which "focuses on educating the

public, investors, corporations, and other financial market participants and policymakers about

topical issues, including corporate governance, shareholder rights, investment, capital markets,

accounting standards and securities litigation." *See* www.ciiref.org (last visited Feb. 5, 2026).

CII-REF is therefore a suitable recipient of any residual funds in this shareholder class action

alleging violations of the federal securities laws. *See Smilovits v. First Solar, Inc.*, No. 2:12-cv-

00555-DGC, 2020 BL 245619, at *7 (D. Ariz. June 30, 2020) (approving CII-REF as the *cy pres*

recipient to be "a suitable recipient of any residual funds in this shareholder class action alleging

violations of the federal securities laws" because "there is a nexus between the plaintiff class"

and CII-REF).

III.   **PAYMENT OF SIMPLURIS'S OUTSTANDING FEES AND EXPENSES FROM THE SETTLEMENT FUND SHOULD BE AUTHORIZED**

The Court retains jurisdiction to consider an application for Simpluris's fees and

expenses relating to its implementation of the terms of the Stipulation. Stipulation ¶45. Pursuant

to the Stipulation, the Settlement Fund may be used to pay Notice and Administration Costs,

8

which include all expenses incurred in connection with distributing the notices to the Class and the costs of the Claims Administrator, among other things. *See id.* at ¶11.

As Claims Administrator, Simpluris was responsible for, among other things, printing and mailing copies of the Postcard Notices to Class members and nominees, effecting publication of the Publication Notice, processing and reviewing the filed Claims, preparing the tax returns for the Settlement Fund, calculating the *pro rata* distribution amount by calculating each Authorized Claimant's percentage of the Net Settlement Fund in accordance with the Plan of Allocation, and distributing the Net Settlement Fund to accepted claimants. *See generally* Todd Distrib. Decl.; PA Order ¶¶8, 11-15; Stipulation ¶19.

In connection with that work, Simpluris has incurred $79,619.71 in administrative fees and expenses, expects to incur $11,246.90 in fees and expenses through the Initial Distribution, and will incur $14,614.60 in reimbursements to brokers and nominees for expenses they incurred in connection with mailing the Postcard Notices to potential Class Members or providing the relevant information for Simpluris to do so. Todd Distrib. Decl. ¶¶43-44; PA Order ¶12 (providing that brokers and nominees are entitled to reimbursement from the Settlement Fund). To date, Simpluris has received no payment for its fees and expenses. *See* Todd Distrib. Decl. ¶44.

Plaintiffs respectfully request that the Court authorize payment to Simpluris of the outstanding balance of $105,481.21, for fees and expenses it has already incurred ($79,619.71 + $14,614.60 in broker reimbursements) and anticipated costs and expenses related to the initial distribution ($11,246.90). *See id.* If the cost of the initial distribution is less than $11,246.90, the excess will be returned to the Net Settlement Fund. *Id.*

## IV.    RETENTION OF PROOF OF CLAIM FORMS AND OTHER DOCUMENTS

Plaintiffs also request that the Court permit Simpluris to destroy any paper copies of the Proof of Claim forms and all supporting documentation one (1) year after the Initial Distribution, and electronic copies of the same three (3) years after the Initial Distribution.  *See* Todd Distrib. Decl. ¶45.

## V.    RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, Plaintiffs respectfully request that the Court bar any further Claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and release and discharge from any and all claims arising out of the claims administration all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein or otherwise involved in the administration or taxation of the Settlement Fund.  *See* Stipulation ¶30.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their motion in its entirety.

Dated:  February 6, 2026          Respectfully submitted,

By: s/ James M. Wilson, Jr.

James M. Wilson, Jr.
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com

Robert W. Killorin
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380

10

Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email:  rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiffs Tao Wang and SynWorld
Technologies Corporation and Lead Counsel for the
putative Class*

11

**CERTIFICATE OF SERVICE**

I, James M. Wilson, Jr., hereby certify that on February 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

*s/ James M. Wilson, Jr.*
James M. Wilson, Jr.
