# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TAO WANG and SYNWORLD TECHNOLOGIES CORPORATION, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPIO PHARMACEUTICALS, INC. MICHAEL A. MARTINO, MICHAEL MACALUSO, HOLLI CHEREVKA, DAN STOKELY DAVID BAR-OR, PHILIP H. COELHO, and RICHARD B. GILES,<br><br>Defendants. | Case No.: 1:22-cv-02105-WJM-MEH<br><br>**DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND** |

I, MEGAN TODD, declare as follows:

1.      I am employed as a Project Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action. Our corporate office address is 3194-C Airport Loop Dr., Costa Mesa, CA 92626. I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself. I have personal knowledge of the information set forth herein.

2.      Simpluris was retained by Plaintiffs' Counsel to serve as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Litigation").[1] By the Order Granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement dated September 24, 2024 (the "Preliminary Approval Order"), the Court appointed Simpluris as

---

[1] All terms with initial capitalizations not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 13, 2024.

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

Claims Administrator. As Claims Administrator, Simpluris has, among other things: (i) mailed the Postcard Notice to potential Class Members, brokers, and other nominees; (ii) provided, upon request, additional copies of the Postcard Notice to potential Class Members, brokers, and other nominees; (iii) caused the Publication Notice to be published; (iv) created and continues to maintain a settlement website and posted case-specific documents to the website, including the Notice of Pendency of Class Action Settlement (the "Notice") and the Proof of Claim and Release Form (the "Proof of Claim"); (v) created and continues to maintain a toll-free helpline for inquiries during the course of the settlement administration; and (vi) received and processed Proofs of Claim.

3.    On February 20, 2025, the Court entered the Final Order and Judgment Approving Class Action Settlement. Simpluris has completed processing all Proofs of Claim received through January 30, 2026, and hereby submits its administrative determinations accepting and rejecting the Proofs of Claim in preparation for a distribution of the Net Settlement Fund to Authorized Claimants. Simpluris also presents this declaration in support of Lead Plaintiffs' motion for approval of a distribution plan for the Net Settlement Fund.

### DISSEMINATION OF NOTICES TO POTENTIAL CLASS MEMBERS

4.    Pursuant to the Preliminary Approval Order, beginning on October 15, 2024, Simpluris distributed the Postcard Notice to potential members of the Class. As more fully described in the Declaration of Anne-Marie Marra of Simpluris Regarding Notice and Settlement Administration (the "Marra Declaration"), dated December 20, 2024, as of December 20, 2024, Simpluris had mailed 21,714 Postcard Notices to potential Class Members, brokers, and other nominees. Since December 20, 2024, 7,791 additional Postcard Notices have been mailed. In total, Simpluris has mailed 29,505 Postcard Notices, or where requested, copies of the Notice and Proof of Claim form, to potential Class Members, brokers, and other nominees.

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

5.      Pursuant to the terms of the Preliminary Approval Order, Simpluris caused the Publication Notice to appear once in *Investor's Business Daily* and to be issued as a national Press Release on October 28, 2024. *See* Marra Declaration ¶¶15-16.

## WEBSITE AND CONTACT CENTER

6.      Simpluris established and continues to maintain a Settlement website (www.AmpioSecuritiesSettlement.com), a toll-free telephone helpline (833-602-5027) and two (2) email inboxes (info@AmpioSecuritiesSettlement.com and broker@AmpioSecuritiesSettlement.com) dedicated to the Settlement to assist potential Class Members, and a Settlement P.O. Box for receipt of Proofs of Claim and correspondences. The Settlement website and contact center resources enable Class Members to obtain information about the Settlement; provide access to important dates relevant to the Settlement, including the exclusion, objection, and claim filing deadlines; provide access to important documents relevant to the Settlement, including the Notice, a downloadable paper version of the Proof of Claim, and an online Proof of Claim module where Class Members and nominees were able to submit their claims electronically.

## PROCEDURES FOLLOWED IN PROCESSING PROOFS OF CLAIM

7.      Under the terms of the Preliminary Approval Order and as set forth in the Notice, each Class Member who wished to be eligible to receive a distribution from the Net Settlement Fund was required to complete and submit to Simpluris a properly executed Proof of Claim postmarked no later than, or submitted online by, January 13, 2025, together with adequate supporting documentation for the transactions and holdings reported therein. Through January 30, 2026, Simpluris has received 24,159 Proofs of Claim. 24,120 Proofs of Claim were received on or before January 13, 2025. An additional 39 claims were received late but otherwise processed in accordance with the procedures outlined below. All 24,159 Proofs of Claim have been fully processed.

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

8.     In preparation for receiving and processing Proofs of Claim, Simpluris: (i) conferred with Plaintiffs' Counsel to define the project guidelines for processing Proofs of Claim; (ii) created a unique database to store Proof of Claim details and images of Proofs of Claim and supporting documentation; (iii) trained staff in the specifics of the project so that Proofs of Claim would be properly processed; (iv) formulated a system so that telephone and email inquiries would be properly responded to; (v) developed various computer applications for entry of Class Members' identifying information, as well as their transactional information; and, (vi) developed a proprietary calculation module that would calculate Recognized Loss pursuant to the Court approved Plan of Allocation of Net Settlement Fund Among Class Members set forth in the Notice.

9.     The Notice directed Settlement Class Members, brokers, and other nominees seeking to share in the Net Settlement Fund to submit their Proof of Claim forms to the P.O. Box address specifically designated for the Settlement, to upload their Proof of Claim forms online through the Settlement website, or to submit claims to the Simpluris team that handles large electronic filing operations (the "Securities Team"). All physical and electronic correspondence received have been reviewed and, where necessary, appropriate responses have been provided to the senders.

## PROCESSING PAPER PROOFS OF CLAIM

10.     Of the 24,159 Proofs of Claim received by Simpluris through January 30, 2026, 110 were paper Proofs of Claim. Once received, these Proofs of Claim were opened and prepared for scanning. This process included unfolding documents, removing staples, copying nonconforming sized documents, sorting documents, and, where claimant identification information was not provided on the Proof of Claim, copying and attaching the envelope with the return address to the file.

11.     Following this manual preparation, the paper Proofs of Claim were scanned into a database together with all accompanying documentation. Subsequently, each Proof of Claim was assigned a unique Proof of Claim number (a "Response ID"). Once scanned, the information from

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

each Proof of Claim, including the name, address, and the Claimant's account number/information from his, her, or its supporting documentation, and the Claimant's purchase/acquisition transactions, sale transactions, and holdings listed on the Proof of Claim, was entered into a database developed by Simpluris to process Proofs of Claim submitted for the Settlement. Next, the documentation provided by each Claimant in support of his, her, or its Proof of Claim was reviewed to determine: (i) whether the Claimant traded in Ampio Pharmaceuticals ("AMPE") common stock during the Class Period; (ii) whether the transaction information entered on the Proof of Claim was supported by the documentation; (iii) that the Claimant did not have any additional trades not reflected on his, her, or its Proof of Claim; (iv) that the name of the Claimant matched the information on the trade documentation, or additional documentation was provided to support any name changes; and, (v) that the beneficial owner listed on the trade documentation, or a legal representative thereof, signed the Proof of Claim.

12. In order to process the transactions detailed on the Proofs of Claim, Simpluris identified and classified any deficiency or ineligibility conditions that existed within those Proofs of Claim. The appropriate deficiencies were assigned to the Proofs of Claim as they were processed. For example, where a Proof of Claim was submitted by a Claimant who did not have any eligible transactions in AMPE common stock during the Class Period (e.g., the Claimant purchased AMPE common stock only before or after the Class Period), that Proof of Claim would receive a defect code that denoted ineligibility. Similar defect codes were used to denote other conditions of ineligibility, such as duplicate Proofs of Claim. These defect codes indicate to Simpluris that the Claimant is not eligible to receive any payment from the Net Settlement Fund with respect to that Proof of Claim, unless the deficiency is cured in its entirety.

13. Because a Proof of Claim may be deficient only in part, but otherwise acceptable, Simpluris utilizes defect codes that are only applied to specific transactions contained within a Proof of Claim. For example, if a Claimant submitted a Proof of Claim with supporting documentation for all but one purchase transaction, that one transaction would receive a

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

transaction-specific deficiency. This indicates that one transaction was deficient, but that the Proof of Claim was otherwise eligible for payment if other transactions in the Proof of Claim calculated to a Recognized Loss according to the Plan of Allocation. Thus, even if the deficiency was never cured, the Proof of Claim could still be partially accepted.

**PROCESSING ELECTRONICALLY FILED PROOFS OF CLAIM**

14.    Of the 24,159 Proofs of Claim received by Simpluris through January 30, 2026, 24,025 were filed electronically ("Electronic Claims"). Electronic Claims are typically submitted by institutional investors who may have hundreds, thousands, or even millions of transactions during the Class Period. Institutional investors filing Electronic Claims either submit "bulk" Proofs of Claim through a dedicated module on the Settlement website or electronically submit a file to Simpluris's broker@AmpioSecuritiesSettlement.com email inbox so that Simpluris may electronically upload all transactions to its proprietary database developed for the Settlement.

15.    Simpluris maintains a Securities Team which coordinates and supervises the receipt and handling of all Electronic Claims. In this case, the Securities Team reviewed and analyzed each electronic file to ensure that it was formatted in accordance with Simpluris's required format, and to identify any potential data issues or inconsistencies within the file. When any issues or inconsistencies arose, Simpluris notified the sender. If the electronic file was deemed to be in an acceptable format, it was then loaded to Simpluris's database.

16.    Once the file was loaded, the Electronic Claims were labeled to identify them as Electronic Claims and defect codes were applied to denote any deficiencies or ineligible conditions that existed within them. These defect codes are similar to those applied to paper Proofs of Claim. In lieu of manually applying defect codes, the Securities Team performed programmatic reviews on Electronic Claims to identify deficient and ineligible conditions (such as, but not limited to, price per share/net amount validation issues, out of balance conditions, and transactions outside the Class Period, etc.). The output was thoroughly verified and confirmed as accurate.

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

17.    The review process also included flagging any Electronic Claims that were not accompanied by sufficient authorization documentation for all accounts referenced on the electronic file submitted by any broker/nominee. This process was reviewed by Simpluris's Securities Team and, where appropriate, Simpluris contacted the institutional filer whose electronic files were missing information. This ensures that all claims are submitted by properly authorized representatives of the Claimants.

18.    Finally, at the end of the process, Simpluris performed various targeted reviews of Electronic Claims. Specifically, Simpluris used criteria such as the calculated Recognized Loss and other identified criteria to flag and reach out to a number of electronic filers and request that various sample purchases, sales, and holdings selected by Simpluris be documented by providing confirmation slips or other transaction-specific supporting documentation. These targeted reviews help to ensure that electronic data supplied by Claimants does not contain inaccurate information. Simpluris also performed additional targeted reviews in connection with the largest claims.

## EXCLUDED PERSONS

19.    Simpluris reviewed all Proofs of Claim to ensure that they were not submitted by, or on behalf of, "Excluded Persons" to the extent that the identities of such persons or entities were known to Simpluris through the list of Defendants, and other excluded persons and entities set forth in the Stipulation and the Notice, and through the Claimants' certifications on the Proofs of Claim.

## COMPLEXITIES ENCOUNTERED IN CLAIMS PROCESSING

20.    Many of the Proofs of Claim Simpluris received were deficient or ineligible for one or more reasons, and therefore, were subjected to the additional processing, correspondence, and telephonic communications described in the sections below entitled "The Deficiency Process for Paper Proofs of Claim" and "The Deficiency Process for Electronic Proofs of Claim."

21.    During the processing of Proofs of Claim, Simpluris encountered non-conforming Proofs of Claim, which, in general, require significantly more work than ordinary Proofs of Claim

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

because of the information contained in or missing from the Proof of Claim or the manner in which the Proof of Claim was completed. Non-conforming claims include, among other conditions, missing pages, no name or address, Proofs of Claim that are blank, but submitted with documentation for Simpluris to manually review or enter into the database, and Proofs of Claim that are so materially deficient as to make what is being claimed unrecognizable.

## THE DEFICIENCY PROCESS FOR PAPER PROOFS OF CLAIM

22.    Approximately 22 of the 110 paper Proofs of Claim, or approximately 20% of the paper Proofs of Claim submitted, were incomplete or had one or more defects or conditions of ineligibility, such as the Proof of Claim not being signed or not properly documented. Much of Simpluris's efforts in handling an administration involve claimant communications so that all claimants have sufficient opportunity to cure any deficiencies and file a complete Proof of Claim. The Deficiency Process, which primarily involved mailing and/or emailing a Notice of Defective Claim ("Deficiency Notice") to Claimants and subsequently handling and responding to calls, correspondence, and emails from Claimants was intended to assist Claimants in properly completing their deficient submissions so that they would be eligible to participate in the Settlement. As a result of this process, a number of claimants, excluding those who submitted Proofs of Claim with incurable deficiencies, are now eligible to participate in the Settlement.

23.    If a Proof of Claim was determined to be defective or ineligible, a Deficiency Notice was sent to the Claimant describing the defect(s) or condition(s) of ineligibility in his, her, or its Proof of Claim and what was necessary to cure any curable defect(s) in the Proof of Claim. The Deficiency Notice advised the Claimant that the submission of the appropriate information and/or trade documentation required to complete the Proof of Claim had to be sent within twenty one (21) days from the date of the letter, or the Proof of Claim would be recommended for either full or partial rejection to the extent the deficiency or condition of ineligibility remained on the Proof of Claim. Simpluris sent a total of 22 Deficiency Notices to Claimants.  Attached hereto as

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

**Exhibit A** are examples of the Deficiency Notice encompassing both curable defects and describing conditions of ineligibility.

24.     Claimants' responses to the Deficiency Notices were scanned and imported into Simpluris's database and associated with the corresponding Proof of Claim. The responses were then carefully reviewed and evaluated by Simpluris's Securities Team. If a Claimant's response corrected the defect(s), Simpluris updated the database to reflect the change in status of the Proof of Claim. As a result of this process, two (2) previously defective claims have been cured and are now recommended as eligible for participation in the settlement.

## THE DEFICIENCY PROCESS FOR ELECTRONIC PROOFS OF CLAIM

25.     Approximately, 95 of the 262 Electronic Claims submitted by individual Claimants, or approximately 36%, were incomplete or had one or more defects or conditions of ineligibility, such as the Proof of Claim not being properly supported. If a Proof of Claim was determined to be defective or ineligible, a Deficiency Notice was sent to the Claimant describing the defect(s) or condition(s) of ineligibility in his, her, or its Proof of Claim and what was necessary to cure any curable defect(s) in the Proof of Claim. The Deficiency Notice advised the Claimant that the submission of the appropriate information and/or trade documentation required to complete the Proof of Claim had to be sent within twenty one (21) days from the date of the letter, or the Proof of Claim would be recommended for either full or partial rejection to the extent the deficiency or condition of ineligibility remained on the Proof of Claim. Simpluris sent a total of 95 Deficiency Notices to Claimants.

26.     Claimants' responses to the Deficiency Notices were scanned and imported into Simpluris's database and associated with the corresponding Proof of Claim. The responses were then carefully reviewed and evaluated by Simpluris's Securities Team. If a Claimant's response corrected the defect(s), Simpluris updated the database to reflect the change in status of the Proof of Claim. As a result of this process, eight (8) previously defective claims have been cured and are now recommended as eligible for participation in the settlement.

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

27.    Additionally, for Electronic Claims submitted by brokers, nominees, and other filers who submitted their data electronically, Simpluris reached out to confirm their submissions and notify the filer of any deficiencies. Simpluris provided these institutional Electronic Claim submitters whose submissions were deficient with a Transaction Report attached to the Deficiency Notice email which described and listed specific claimed accounts and/or transactions which were incomplete or deficient. The Transaction Reports were sent electronically to 18 filers who submitted 6,525 deficient or ineligible Electronic Claims; and,

   a. Identified individual transactions and entire Electronic Claims that were found to be deficient or ineligible so that the filer on behalf of the Claimant had the opportunity to correct the deficient condition or contest the determination of ineligibility;

   b. Stated that any deficient transactions or Electronic Claims that remain uncured, as well as any transactions or Electronic Claims that were identified as ineligible on the Transaction Report, would be rejected; and,

   c. Provided Simpluris's contact information so that the filer could reach out to Simpluris if it had any questions or required assistance.

28.    The responses to the Transaction Reports were reviewed by Simpluris's Securities Team, scanned and/or loaded into Simpluris's database, and were associated with the corresponding Electronic Claim. If the response corrected the defect(s) or affected the Electronic Claim's status, Simpluris manually and/or programmatically updated the database to reflect the change in status of the Electronic Claim. As a result of this process, 859 previously defective claims have been cured and are now recommended as eligible for participation in the settlement.

**FINAL DISPOSITION NOTICES AND DISPUTED CLAIMS**

29.    After, or simultaneously with some, Deficiency Notices were transmitted and corresponding response deadlines passed, Simpluris mailed and/or emailed Final Disposition Notices to all claimants. Final Disposition Notices contained calculated Recognized Loss amounts

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

and instructions for how to notify Simpluris within fourteen (14) days of the date of the notice if the claimant believed Simpluris's calculated Recognized Loss amount was incorrect for any reason.

30.    As a result of the Final Disposition Notice campaign, Simpluris received 69 requests for review of the calculated Recognized Loss amounts. Simpluris responded to all requests for review, fully explained determinations, received and considered any additional information or explanations by the claimant, and attempted to facilitate the submission of missing information or documentation where applicable.

31.    As a result of these efforts, as of January 30, 2026, 61 Proofs of Claims for which review had been requested have been cured and re-calculated, using updated transaction information provided by the claimants, to a positive Recognized Loss amount and eight (8) remain rejected due no Recognized Loss amount after the re-calculation.

### LATE BUT OTHERWISE ELIGIBLE PROOFS OF CLAIM

32.    Through January 30, 2026, Simpluris received 39 Proofs of Claim that were postmarked after the January 13, 2025, Proof of Claim submission deadline established by the Court. Simpluris processed all late Proofs of Claim received through January 30, 2026, and 19 have been found to be otherwise eligible in whole or in part (the "Late But Otherwise Eligible Claims"). Simpluris has not rejected any Proof of Claim received through January 30, 2026 solely based on its late submission, and Simpluris believes no delay has resulted from the provisional acceptance of these Late But Otherwise Eligible Claims. To the extent they are eligible but for the fact that they were late, they are recommended herein for payment.

### FINAL BAR DATE

33.    There must be a final cut-off date after which no more Proofs of Claim will be accepted so that there may be a proportional distribution of the Net Settlement Fund and the distribution may be accomplished. Acceptance of additional Proofs of Claim or responses to Deficiency Notices received during the finalization of the administration and the preparation of

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court order that no Proof of Claim received after January 30, 2026, be eligible for payment for any reason whatsoever. Completing the processing of these Claims at this time would delay the submission of this application.

34.    Further, Simpluris recommends that no documentation to cure previously defective claims, and no adjustments to previously filed Proofs of Claim which would result in an increased Recognized Loss, may be accepted after the Final Bar Date. However, should an adjustment be received that results in a lower Recognized Loss amount for an Eligible Claim, that adjustment will be made and the Recognized Loss amount will be reduced accordingly, prior to a distribution to that Claimant.

## QUALITY ASSURANCE

35.    An integral part of all Simpluris's settlement administration projects is its Quality Assurance review. Simpluris's personnel worked throughout the entire administration process to ensure that Proofs of Claim were processed properly, that deficiency and ineligibility defects were properly applied to Proofs of Claim, that deficiency notices were mailed to the appropriate Claimants, and that Simpluris's computer programs were operating properly.

36.    In support of the work described above, Simpluris staff designed, implemented, and tested the following programs for this administration: (i) data entry screens that store Proof of Claim information (including all transactional data included on each Proof of Claim and in any supporting documentation), assign defect codes and, where necessary, apply text to denote deficiencies existing within the Proof of Claim; (ii) screens for the analyst to review images of the Proof of Claim and any supporting documentation provided; (iii) programs to load and analyze transactional data submitted electronically for all Electronic Claims (the load program converts the data submitted into the format required by the calculation program, and the analysis program determines if the data is consistent and complete); (iv) a program to compare the claimed transaction prices against the reported market prices to confirm that the claimed transactions were

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

within an acceptable range of the reported market prices; (v) a calculation program to analyze the transactional data for all Proofs of Claim, and calculate the Recognized Losses based on the Plan of Allocation; and (vi) programs to generate various reports throughout and at the conclusion of the administration, including lists of all eligible and ineligible Proofs of Claim.

37.     Simpluris's Securities Team performed a final quality control check once all accepted Proofs of Claims were processed, Deficiency Notices were mailed or emailed, deficiency responses were reviewed and processed, and Final Disposition Notices were mailed or emailed, to ensure the correctness and completeness of all of the Proofs of Claim processed before Simpluris prepared its final reports to Plaintiffs' Counsel. Here, in connection with this Quality Assurance wrap-up, Simpluris: (i) confirmed that Proofs of Claims that are recommended for approval have no messages denoting ineligibility; (ii) confirmed that Proofs of Claims that are recommended for rejection have messages denoting ineligibility; (iii) confirmed that all Proofs of Claim requiring Deficiency Notices were sent such notices; (iv) performed a sample review of deficient Proofs of Claim; (v) reviewed a sampling of Proofs of Claim with high Recognized Loss amounts; (vi) sampled Proofs of Claim that had been determined to be ineligible, including those with no Recognized Loss calculated in accordance with the Plan of Allocation, in order to verify that all transactions had been captured correctly; and (vii) retested the accuracy of the calculation program.

## FINAL DISPOSITIONS OF PROOFS OF CLAIM

38.     Simpluris has completed the processing of the 24,159 Proofs of Claim that were received through January 30, 2026, and has determined that 5,868 are acceptable in whole or in part, and that 18,291 should be wholly rejected because they are either ineligible, wholly deficient, or have no Recognized Loss when calculated in accordance with the Court approved Plan of Allocation.

39.     The 18,291 wholly rejected Proofs of Claim are recommended for rejection by the Court for the following reasons:

### Summary of Rejected Proofs of Claims

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

| Reason for Rejection | Number of Proofs of Claim |
|---|---|
| No Eligible Purchases/Acquisitions During the Class Period | 3,221 |
| Deficient Proof of Claim with Condition of Ineligibility Never Cured | 5 |
| Deficient Proof of Claim with Condition of Ineligibility Never Cured and Recognized Loss Does Not Calculate to a Positive Recognized Loss | 168 |
| Deficient Proof of Claim with Condition of Ineligibility Never Cured and Recognized Loss is Incalculable | 4,639 |
| No Defects but Proof of Claim Does Not Calculate to Positive Recognized Loss | 10,251 |
| Proof of Claim Withdrawn/Voided | 7 |
| **TOTAL** | **18,291** |

40.      A list of all Proofs of Claim submitted and Simpluris's recommendation as to their disposition is contained in the Administrator's Report attached hereto as **Exhibit B**. Exhibit B-1, entitled "Timely Eligible Claims," lists all timely filed, provisionally accepted, in whole or in part, Proofs of Claim and states their Recognized Loss. Exhibit B-2, entitled "Late But Otherwise Eligible Claims," lists all late filed, provisionally accepted, in whole or in part, Proofs of Claim and states their Recognized Loss. Exhibit B-3, entitled "Rejected Claims," lists all wholly rejected Proofs of Claim and states the reason for their rejection. For privacy reasons, Exhibit B provides only the Claimant's Response ID and Recognized Loss or Reason for Rejection (no names, addresses, Taxpayer IDs, Social Security or Social Insurance Numbers are disclosed).

41.      Simpluris has determined that 5,868 Proofs of Claim should be accepted. The Proofs of Claim recommended for acceptance represent total Recognized Losses of $11,413,046.16 under the Court-approved Plan of Allocation. Of that total, 5,849 are for Timely Eligible Claims, totaling $11,281,305.48 and 19 are for Late But Otherwise Eligible Claims,

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

totaling $131,740.68. According to the Plan of Allocation, each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her, or its Recognized Loss in comparison to the total Recognized Losses of all Authorized Claimants. Upon approval by the Court, Simpluris will prepare and mail checks (or wire transfers where applicable) to Authorized Claimants for their payment amount subject to the provisions of the Court-approved distribution plan.

**DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND**

42.     Should the Court concur with Simpluris's recommendations and determinations concerning the provisionally accepted and rejected Proofs of Claim, including the Late But Otherwise Eligible Claims, Simpluris recommends the following distribution plan (the "Distribution Plan"):

a.  Simpluris will conduct an immediate distribution (the "Initial Distribution") of the Net Settlement Fund,[2] after deducting the payments requested in this motion, and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, as follows:

   i.  Simpluris will calculate award amounts to all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now by calculating their pro rata share of the fund in accordance with the Plan of Allocation.

   ii. Simpluris will, pursuant to the terms of the Plan of Allocation, eliminate any Authorized Claimant whose award amount calculates to less than $10.00. Such Claimants will not receive any distribution from the Net Settlement Fund.

---

[2] Simpluris understands that all procedures performed with respect to the distribution of the Net Settlement Fund in connection with the validity of the Proofs of Claim submitted are subject to the supervision and direction of Plaintiffs' Counsel and the Court. To carry out such orders as the Court may issue with respect to the allocation and distribution of the Net Settlement Fund to Authorized Claimants, Simpluris will first coordinate with Plaintiffs' Counsel to determine the amount remaining in the Net Settlement Fund after all fees and expenses authorized by this Court have been paid.

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

   iii.   After eliminating Claimants who would have received less than $10.00, Simpluris will calculate the pro rata distribution payments for Authorized Claimants who would have received $10.00 or more pursuant to the calculations described in subparagraph (a)(i) above ("Distribution Amounts").

   iv.   Simpluris will then prepare checks for the distribution and registers of such distributions, and send the payments by prepaid first class mail. Finally, Simpluris will be issued replacement payments for distributions upon request by payee, and will respond to inquiries about distribution amounts and Recognized Loss amounts calculations.[3]

   v.   Authorized Claimants who do not negotiate their Initial Distribution checks within the time allotted or on the conditions set forth in footnote 4 will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available to be re-distributed to other Authorized Claimants in a potential Second Distribution described below. Similarly, Authorized Claimants who do not negotiate subsequent distributions within the time allotted or on the conditions set forth in footnote 4 will irrevocably forfeit any further recovery from the Net Settlement Fund.

---

[3] For Authorized Claimants whose checks are returned as undeliverable, Simpluris will endeavor to locate new addresses by running the undeliverable addresses through address lookup services. Where a new address is located, Simpluris will update the database accordingly and re-issue a distribution check to the Authorized Claimant at the new address. In the event an Authorized Claimant loses or damages his, her or its check, or otherwise requires a new check, Simpluris will issue replacements. Distribution re-issues will be undertaken only upon written instructions from the Authorized Claimant, provided that the Authorized Claimant returns the previous check where appropriate. For all checks, Simpluris will void the initial payment prior to re-issuing a payment. In order not to delay further distributions to Authorized Claimants who have timely negotiated their checks, Authorized Claimants will be informed that, if they do not cash their Initial Distribution checks within the 90 days from the mail date, or they do not cash check reissues within 90 days of the mailing of such reissued check, their check will lapse, their entitlement to recovery will be irrevocably forfeited and the funds will be re-allocated to other Authorized Claimants. Reissue requests for lost or damaged checks will be granted after the void date on the checks, however, void dates on any reissues may be adjusted so that all such checks go stale before a potential Second Distribution and no further reissues of Initial Distribution checks will be made. Requests for reissued checks in connection with a potential Second Distribution and any subsequent distributions will be handled in the same manner.

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

b. After Simpluris has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but no earlier than six (6) months after the Initial Distribution, Simpluris will consult with Plaintiffs' Counsel to review and determine if a potential Second Distribution of any uncashed funds would be economically feasible.

c. No new Proofs of Claim may be accepted after January 30, 2026, and no further adjustments to Proofs of Claim received on or before January 30, 2026, that would result in an increased Recognized Loss amount may be made for any reason.

## BROKERAGE REIMBURSEMENT REQUESTS

43. As of January 30, 2026, Simpluris has received five (5) invoices from brokerages seeking payment of reasonable expenses actually incurred in connection with the settlement, including reimbursement of postage expenses and the costs of ascertaining the names and addresses of beneficial owners. The total amount requested to be reimbursed from the Settlement Fund by the brokerages is $28,499.03. In accordance with paragraph 12 of the Order Granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, filed on September 24, 2024, Simpluris has reviewed the brokerages' invoices and calculated reimbursement amounts based on a maximum of $0.70 per unit expense, resulting in the revised requested reimbursement from the Settlement Fund of $14,614.60 for out-of-pocket expenses incurred by brokerages in mailing Postcard Notices to beneficial owners. Details of the brokerage invoices are contained in **Exhibit C** for review and consideration.

## FEES AND DISBURSEMENTS

44. Simpluris agreed to be the Claims Administrator in exchange for payment of its fees and out-of-pocket expenses. Plaintiffs' Counsel received regular reports of all of the work Simpluris performed with respect to provision of notice and administration of the Settlement, and authorized the claims administration work performed herein. The cost of administration for this project to date is $79,619.71, and Simpluris's estimate of fees and expenses to conduct the initial

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND

distribution is $11,246.90, for a total of $90,866.61 in fees and expenses payable to Simpluris. Simpluris has up to this point received payments in the amount of $0.00.

## RECORDS RETENTION AND DESTRUCTION

45.      Unless otherwise ordered by the Court, one (1) year after the Initial Distribution, Simpluris will destroy the paper copies of the Proofs of Claim and all supporting documentation, and three (3) years after the Initial Distribution it will destroy electronic copies of the same.

## CONCLUSION

46.      Simpluris respectfully requests that the Court enter an Order approving its administrative determinations, accepting and rejecting the Proofs of Claim submitted herein received on or before January 30, 2026, and approving the proposed Distribution Plan. Simpluris further respectfully submits that its fees and expenses should be approved for payment from the Settlement Fund.

I declare under penalty of perjury that the above is true and correct and that this Declaration was executed this 4th day of February, 2026, in Spring Hill, Florida.

*MTodd*
_____
MEGAN TODD

DECLARATION OF MEGAN TODD IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND