# EXHIBIT A

# Example 1

# NOTICE OF DEFECTIVE CLAIM

**UNITED STATES OF AMERICA**
**Before the**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

*Wang, et al. v. Ampio Pharmaceuticals, et al.,*
**Civil Action No. 1:22-cv-02105-WJM-MEH**

*Ampio Pharmaceuticals Securities Settlement*

Settlement Administrator

P.O. Box 25226

Santa Ana, CA 92799

833-602-5027

info@AmpioSecuritiesSettlement.com

www.AmpioSecuritiesSettlement.com

**Claimed Account Number:** <<AccountNumber>>
**Response ID:** <<ResponseID>>

**Response Deadline:** November 12, 2025

Dear <<FirstName>> <<LastName>> <<EntityName>>:

We are writing to inform you of the status of the Proof of Claim and Release Form you submitted to the above-mentioned account number in the Ampio Securities Settlement.  Your response is currently deficient for the following reason(s):

- Missing Signature

To resolve this defect, please read and sign the below Releases and Signature which were a part of your original Proof of Claim and Release Form but were never received as part of your submission.  Once signed and completed, please scan or take a photograph of the signed documentation and return as an attachment via email to info@AmpioSecuritiesSettlement.com by **November 12, 2025**.

If you are unable to submit your response by email, please mail a physical copy to: *Ampio Pharmaceuticals Securities Settlement*, Settlement Administrator, P.O. Box 25226, Santa Ana, CA 92799.  Defect responses submitted by mail must be postmarked by **November 12, 2025**, or if not sent by U.S. mail, then received by **November 12, 2025**.

Important Note: If we do not receive your remedy by the date indicated above, your response may be denied.

Should you have any questions regarding this matter, you may call us at 833-602-5027 Monday-Friday 8am-5pm EST.

Sincerely,

*Ampio Pharmaceuticals Settlement*
Settlement Administrator

# RELEASES AND SIGNATURE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Releasees as provided in the Stipulation of Settlement.

2. "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

3. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen

or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, which Defendants will release as against Plaintiffs' Releasees upon the Effective Date. Released Defendants' Claims shall not include: (1) any claims relating to the enforcement of the Settlement; or (2) any claims against any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

4. "Released Plaintiffs' Claims" means all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether indirect, representative, direct, class or individual in nature, whether suspected or unsuspected, whether foreign or domestic, that have been asserted, could have been asserted or could in the future be asserted against Defendants or any of the Defendants' Releasees that arise out of or relate in any way to (i) the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this Action, and (ii) the purchase, acquisition, sale or disposition of Ampio common stock during the Class Period. The following claims are explicitly excluded from release: (1) all claims related to the enforcement of the Settlement; and (2) any claims of any Person or entity who or which submits a request for exclusion from the Settlement that is accepted by the Court.

5. "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

6. "Defendants' Releasees" means Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current, former, or future parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, shareholders, owners, members, contractors, subcontractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, advisors, investment bankers, underwriters, co-insurers, reinsurers, insurers or assigns, in their capacities as such, as well as each of the Individual Defendants' and Michael Macaluso's Immediate Family members, heirs, trusts, trustees, executors, administrators, personal or legal representatives, estates, beneficiaries, agents, attorneys, accountants, insurers, co-insurers, reinsurers, advisors, and assigns, in their capacities as such.

7. "Plaintiffs' Releasees" means (i) Lead Plaintiffs, their attorneys, and all other Settlement Class Members; (ii) affiliates, current and former parents, subsidiaries, successors, predecessors, assigns, executors, administrators, representatives, attorneys, and agents of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

8. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, any of Plaintiffs' Releasees, Defendants, or any of Defendants' Releasees may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

9. These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

10. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

11. I (We) hereby warrant and represent that I (we) have included all the information requested (including supporting documentation) about all of my (our) transactions and positions in Ampio common stock between December 28, 2020, and October 31, 2022, inclusive.  I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

12. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding, or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Print Name of Claimant (Beneficial Owner)

Signature of Claimant (Beneficial Owner)

MM     DD     YY

# Example 2

Case No. 1:22-cv-02105-WJM-CYC     Document 111-1     filed 02/06/26     USDC Colorado
pg 6 of 7

# NOTICE OF DEFECTIVE CLAIM

**UNITED STATES OF AMERICA**
**Before the**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

*Wang, et al. v. Ampio Pharmaceuticals, et al.,*
**Civil Action No. 1:22-cv-02105-WJM-MEH**

*Ampio Pharmaceuticals Settlement*
Settlement Administrator
P.O. Box 25226
Santa Ana, CA 92799

833-602-5027
info@AmpioSecuritiesSettlement.com
www.AmpioSecuritiesSettlement.com

**Claimed Account Number:** <<AccountNumber>>
**Response ID:** <<ResponseID>>

**Response Deadline:** November 12, 2025

Dear <<FirstName>> <<LastName>> <<EntityName>>:

We are writing to inform you of the status of the Proof of Claim and Release Form you submitted to the above-mentioned account number in the Ampio Securities Settlement.  Your response is currently deficient for the following reason(s):

- Invalid/Insufficient/Missing Supporting Documents

  The documentation previously submitted is either missing or does not substantiate one or more transactions in your claim.  Please submit supporting documentation that meets the following requirements for all claimed transactions:

  1. The claimant's name
  2. The account number
  3. Date of transaction
       a. Note for Beginning and Ending holdings only – Date of Monthly statement is sufficient
  4. Security Identifier (CUSIP or Transaction Code)
  5. Quantity/Amount
  6. Price/Cost per Share
  7. Total Cost of the Transaction minus any fees

To resolve this defect, please scan or attach a photograph(s) of the requested supporting documentation and return via email to info@AmpioSecuritiesSettlement.com by **November 12, 2025**.

If you are unable to submit your response by email, you may mail physical copies, along with a brief cover letter providing your name and the corresponding Response ID to: *Ampio Pharmaceuticals Securities Settlement*, Settlement Administrator, P.O. Box 25226, Santa Ana, CA 92799.  Defect responses submitted by mail must be postmarked by **November 12, 2025**, or if not sent by U.S. mail, then received by **November 12, 2025**.

Should you have any questions or if you are unsure which transactions are unsupported and/or are in need of documentation, please contact us within 10 days of receipt of this notice but no later than October 27, 2025 to request further details about your submitted Proof of Claim and Release Form.  You may call us at 833-602-5027 Monday-Friday 8am-5pm EST.

Sincerely,

*Ampio Pharmaceuticals Settlement*
Settlement Administrator

---